**In re The STATE of Texas, ex rel. Armando R. VILLALOBOS, County (Criminal District) Attorney, Cameron County, Texas.**

No. 13–06–662–CR.

Court of Appeals of Texas, Corpus Christi–Edinburg.

March 15, 2007.

Lawrence John Rabb, Asst. Dist. Atty., Brownsville, for relator.

Arnoldo R. Pena, Brownsville, Marco Antonio Rodriguez, Love Lady, for real party in interest.

Before Justices RODRIGUEZ, GARZA, and BENAVIDES.

**OPINION**

Opinion by Justice RODRIGUEZ.

Relator, the State of Texas, *ex rel.* Armando R. Villalobos, County (Criminal District) Attorney, Cameron County, Texas, filed a petition for writ of mandamus against respondent, the Honorable Rolando Olvera, the presiding judge of the 138th Judicial District Court, Cameron County, Texas.[1] In its petition, the State requests that this Court vacate respondent's order of March 28, 2005, which granted the motion for post-conviction DNA testing filed by real party in interest Marco Antonio Rodriguez. We conditionally grant the State's petition for writ of mandamus.

**I. Background**

Rodriguez was convicted of murder on October 6, 1999, and received a life sentence in the Texas Department of Criminal Justice–Correctional Institutions Division. This Court affirmed his conviction, overruling a self-defense issue where Rodriguez argued that the trial court erred in not admitting evidence of an extraneous offense allegedly committed by the victim to support Rodriguez's claim that the victim was the first aggressor. *See Rodriguez v. State*, No. 13–99–718–CR, 2001 Tex.App. LEXIS 4176, at *3, 2001 WL 1002487, at *1-2 (Tex.App.-Corpus Christi June 21, 2001, no pet.) (not designated for publication). We concluded that because Rodriguez did not adduce evidence that the victim was the first aggressor or acted aggressively, he was not entitled to offer evidence of extraneous acts of violence by the victim. *See id.* In this mandamus proceeding, Rodriguez is similarly contending that the victim was the first aggressor and that he could have proven it with the DNA test results from blood found on a towel and inside his car door.

After his conviction was affirmed, Rodriguez filed a pro se application for post-conviction forensic DNA testing. *See* Tex. Code Crim. Proc. art. 64.01 (Vernon Supp. 2006). On January 18, 2002, the trial court denied his application. Rodriguez then filed a petition for writ of mandamus which this Court conditionally granted on May 21, 2002. *See In re Rodriguez*, 77 S.W.3d 459, 461 (Tex.App.-Corpus Christi 2002, orig. proceeding). We directed the trial

---

1. During the pendency of the State's appeal, Judge Robert Garza, who had entered the March 28, 2005 order, stepped down from the bench, and Judge Rolando Olvera was appointed as presiding judge of the 138th Judicial District Court. Following a hearing on the State's motion to reconsider Judge Garza's March 28, 2005 order, Judge Olvera denied the State's motion and ordered DNA testing. *See State v. Olsen*, 163 Tex. 449, 360 S.W.2d 402, 403 (1962) (orig. proceeding) (per curiam) (holding that writ of mandamus will not lie against successor judge absent refusal by successor judge to grant relief relator seeks). Thus, Judge Olvera is the respondent in this mandamus proceeding.

court to vacate its order, appoint counsel, and reconsider Rodriguez's motion for DNA testing. *Id.* On March 28, 2005, after appointing attorney Arnoldo Pena to represent Rodriguez and after reconsidering Rodriguez's application, the trial court granted his request for post-conviction DNA testing.

The State appealed the trial court's order granting DNA testing; however, "[b]ecause Rodriguez filed his motion [on November 17, 2001] prior to the effective date of article 44.01(a)(6) [September 1, 2003]," we concluded that "the State was not authorized to appeal the order in question." *See State v. Rodriguez,* No. 13–05–262–CR, 2006 Tex.App. LEXIS 5821, at *3–4, 2006 WL 1845707, at *1 (Tex.App.-Corpus Christi July 6, 2006, no pet.) (mem. op. not designated for publication); *see also* Act of April 25, 2004, 78th Leg., R.S., ch. 13, §§ 7, 8, 2003 Tex. Gen. Laws 13 (current version at Tex.Code Crim. Proc. Ann. art. 44.01(a)(6) (Vernon Supp.2006)) (providing that such an appeal is only applicable to cases where motion was filed on or after the effective date of September 1, 2003, and that motions filed prior to that date are controlled by law in effect at that time). Prior to September 1, 2003, the State was not entitled to appeal an order issued under chapter 64. *See Rodriguez,* 2006 Tex.App. LEXIS 5821, at*2–3, 2006 WL 1845707, at *1 (citing *State v. Patrick,* 86 S.W.3d 592, 594 (Tex.Crim.App.2002) (orig. proceeding)). Thus, we concluded that this Court was without jurisdiction to review the State's appeal of that order. *See id.* After we dismissed the State's appeal, the State filed its petition for writ of mandamus which is now before this Court.

## II. Analysis

■■■ "To be entitled to mandamus relief, the relator must demonstrate (1) that he has no other adequate remedy at law, and (2) that under the relevant facts and law, the act sought to be compelled is purely ministerial." *In re Rodriguez,* 77 S.W.3d at 460 (citing *State ex rel. Hill v. Ct. of App. Fifth Dist.,* 34 S.W.3d 924, 927 (Tex.Crim.App.2001) (orig. proceeding); *Dickens v. Ct. of App. Second Dist.,* 727 S.W.2d 542, 549–50 (Tex.Crim.App.1987) (orig. proceeding) (en banc)). As noted above, this Court has determined that the State could not appeal the trial court's order in this case. *See Rodriguez,* 2006 Tex.App. LEXIS 5821, 2006 WL 1845707, at *1, at*2–3. Therefore, the State has no remedy other than a writ of mandamus. Having resolved the first question, we move to the second question: whether, under the relevant facts and law, the act the State is seeking to compel is purely ministerial. *See In re Rodriguez,* 77 S.W.3d at 460.

"An act is 'ministerial' if it does not involve the exercise of any discretion." *Hill,* 34 S.W.3d at 927 (defining and describing various "ministerial" acts). The court of criminal appeals has described the ministerial act requirement as a requirement that the relator have "a clear right to the relief sought." *Id.* The relief sought must be "clear and indisputable" such that its merits are "beyond dispute." Thus, under the ministerial act/clear legal right requirement, the law must "clearly spell[ ] out the duty to be performed ... with such certainty that nothing is left to the exercise of discretion or judgment." Even a trial court's ruling on a pure question of law [where there are no disputed issues of fact] is not subject to writ review where that law was unsettled or uncertain. The act must be "positively commanded and so plainly prescribed" under the law "as to be free from doubt." *Id.* at 927–28 (citations omitted).

The plain language of the statute at issue in this case provides the following:

(a) A convicting court may order forensic DNA testing under this chapter only if:

(1) the court finds that:

\*   \*   \*   \*   \*   \*

(B) identity was or is an issue in the case. . . .

*See* Tex.Code Crim. Proc. Ann. art. 64.03(a)(1)(B) (Vernon Supp.2006). The statute clearly sets out that identity must be or must have been an issue in the case before the court may order post-conviction DNA testing. *See id.*

The State argues that Rodriguez's application did not satisfy the chapter 64 requirement that a convicting court may order DNA testing only if the court finds that identity was or is an issue in the case. *See id.* The State asserts that because identity was never at issue in this case, the trial court had a ministerial duty to deny Rodriguez's application for DNA testing. We agree.

■ In the present case, Rodriguez asked for DNA testing on blood found on a towel and on blood found inside his car door to help him prove that he had a self-defense claim. In his application for DNA testing, Rodriguez asserted that, based on that newly discovered evidence (after DNA testing), he might establish his innocence or acquittal. In a letter to his counsel, Rodriguez wrote that even if the tests did not exonerate him, the results could have probative value on appeal. In his affidavit attached to his application, Rodriguez stated that the findings from a DNA test could prove that he was "entitled to a self-defense or involuntary manslaughter instruction[ ] . . . ."

Although Rodriguez uses the word "identity" to argue his position, he questions neither his own identity nor that of the victim. At the evidentiary hearing on his application for DNA testing, Rodriguez did not deny that he was there when the victim died or that he shot the victim. Rodriguez raised no issue on appeal regarding the sufficiency of the evidence to prove his identity as the assailant. Rodriguez does not claim that the State prosecuted the wrong man. Rather, Rodriguez claims the blood is his and argues only that identifying whose blood is on the towel and the car door will help establish his self-defense claim.

The trial court may order DNA testing only when identity is an issue. *See* Tex. Code Crim. Proc. Ann. art. 64.03(a)(1)(B); *cf. Green v. State,* 100 S.W.3d 344, 345 (Tex.App.-San Antonio 2002, pet. ref'd) (holding that the trial court did not err in denying Green's motion for DNA testing when he did not raise any issue regarding the sufficiency of the evidence to prove his identity as the assailant and did not assert any facts supporting his assertion that identity is or was an issue); *In re McBride,* 82 S.W.3d 395, 397 (Tex.App.-Austin 2002, no pet.) (holding identity not at issue where appellate challenge to sufficiency of the evidence was directed to an element other than identity). Neither Rodriguez's identity nor the victim's identity is being challenged. Here, the issue is not who committed the crime, but rather why Rodriguez caused the victim's death. It is clear that the issue raised in Rodriguez's request for post-conviction DNA testing is whether the findings of any DNA testing will assist Rodriguez with his claim of self defense. These concerns are not identity concerns.

Because identity is not an issue in this case, the merits of the relief sought are beyond dispute, and there is no room for the exercise of discretion. *See Hill,* 34 S.W.3d at 927–28. Thus, the trial court had a ministerial, non-discretionary duty to deny Rodriguez's request for post-conviction DNA testing. The court was

charged as a matter of law with denying the request.[2]

### III. Conclusion

We conclude, therefore, the trial court abused its discretion in ordering post-conviction DNA testing in this case. Accordingly, the State's petition for writ of mandamus is conditionally granted. *See* Tex. R.App. P. 52.8(a). This matter is remanded to the trial court for further proceedings consistent with this opinion. The writ of mandamus will issue only if the trial court fails to comply.

**2.** Rodriguez is represented by counsel, who filed a response to the State's petition for writ of mandamus. Nevertheless, Rodriguez also filed a pro se response to the petition. Rodriguez does not have a right to hybrid representation. *See Scheanette v. State,* 144 S.W.3d 503, 505 (Tex.Crim.App.2004) (citing *Patrick v. State,* 906 S.W.2d 481, 498 (Tex.Crim.App. 1995) (en banc); *Lockhart v. State,* 847 S.W.2d 568, 569 n. 1 (Tex.Crim.App.1992) (en banc)) (explaining that under Texas law, appellant does not have a right to hybrid representation). We have, in the interests of justice, reviewed and considered Rodriguez's pro se response, but find nothing therein that would change our conclusion. Additionally, Rodriguez filed a pro se motion to strike the State's petition for writ of mandamus which we hereby deny.