*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*

## OPINION

No. 04-08-00058-CR

Douglas **LYON**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 226th Judicial District Court, Bexar County, Texas
Trial Court No. 1993-CR-5434
Honorable Sid L. Harle, Judge Presiding

Opinion by:    Sandee Bryan Marion, Justice

Sitting:    Alma L. López, Chief Justice
    Catherine Stone, Justice
    Sandee Bryan Marion, Justice

Delivered and Filed: October 15, 2008

AFFIRMED

Defendant was convicted in 1994 of murdering his former wife and a jury assessed punishment at confinement for life. This appeal is from the trial court's order denying post-conviction DNA testing. Because defendant's identity was not and is not an issue, we affirm.

### ANALYSIS

A trial court is required to order DNA testing only if the requirements of Texas Code of Criminal Procedure article 64.03 are met, including the requirement that "identity was or is an issue in the case." TEX. CODE CRIM. PROC. ANN. art. 64.03(a)(1)(B) (Vernon Supp. 2008); *Bell v. State*,

90 S.W.3d 301, 306 (Tex. Crim. App. 2002); *Lewis v. State*, 191 S.W.3d 225, 228 (Tex. App.—San Antonio 2005, pet. ref'd). We review a trial court's decision on a motion for DNA testing under a bifurcated standard of review. *Whitaker v. State*, 160 S.W.3d 5, 8 (Tex. Crim. App. 2004). We afford almost total deference to the trial court's determination of issues of historical fact and issues of application-of-law-to-fact that turn on credibility and demeanor of witnesses. *Rivera v. State*, 89 S.W.3d 55, 59 (Tex. Crim. App. 2002). We review *de novo* other issues of application-of-law-to-fact questions that do not turn on the credibility and demeanor of witnesses. *Id.*

At trial, defendant admitted stabbing his former wife to death in her home, but he argued he acted in self-defense. During the attack, defendant also sustained knife wounds, although it was the State's theory these were self-inflicted. In his motion for DNA testing, defendant argued DNA testing would prove that his own blood at the crime scene, which he contends was found under the body of his former wife, demonstrates she was the initial aggressor, thus supporting his theory that he acted in self-defense. On appeal, defendant relies on Texas Code of Criminal Procedure article 64.03 and the Court of Criminal Appeals' opinion in *Blacklock v. State*, 235 S.W.3d 231 (Tex. Crim. App. 2007), for his argument that identity can remain at issue even if the accused admits to the offense.

Article 64.03 prohibits a court from "finding that identity was not an issue in the case solely on the basis . . . that" "[a] convicted person . . . pleaded guilty or nolo contendere or, whether before or after conviction, made a confession or similar admission in the case . . . ." TEX. CODE CRIM. PROC. ANN. art. 64.03(b). The *Blacklock* Court relied, in part, on article 64.03 for its conclusion that a defendant can make identity an issue even in a case where the victim knew the person she identified at trial as her attacker. In *Blacklock*, the appellant was convicted of aggravated robbery

and aggravated sexual assault. Years later, the appellant filed a motion for DNA testing, which the trial court denied based on its finding that appellant had failed to show identity was or is an issue in the case. On appeal, the Corpus Christi Court of Appeals affirmed after determining identity was not an issue because the victim testified at trial "that she knew appellant and that he had robbed and sexually assaulted her." *Id.* at 232 (citation omitted). The Court of Criminal Appeals reversed, holding that the victim's testimony that she knew the appellant and identified him as her attacker was not relevant to whether the motion for DNA testing made his identity an issue. *Id.* The Court of Criminal Appeals held that a defendant can make identity an issue by showing that exculpatory DNA tests, which exclude him as the donor, would prove his innocence, even when the defendant has pled guilty, thereby conceding the issue of identity at trial. *Id.* at 232-33.

Defendant has not made the identity of the person who stabbed his former wife an issue; instead, he asserts DNA testing will prove he acted in self-defense when he stabbed her. Thus, defendant does not seek to exclude himself as the person who stabbed his former wife; he seeks to use the DNA testing to excuse his actions when he stabbed her. Defendant asserts, under article 64.03 and *Blacklock*, that his admission to having caused his former wife's death cannot be used as a basis to deny his motion for DNA testing. We do not believe either article 64.03 or *Blacklock* provides support for defendant's argument because defendant was still required to demonstrate "identity was or is an issue in the case." *Id.* at art. 64.03(a)(1)(B).

The purpose of DNA testing under article 64.03 is to provide an avenue by which a defendant may seek to establish his innocence by excluding himself as the perpetrator of the offense. *See Blacklock*, 231 S.W.3d at 232-33 (stating that exoneration by exclusion of a defendant as the DNA donor "is precisely the situation in which the Legislature intended to provide post-conviction DNA

testing."); *see also In re Kennard*, No. 03-07-00308-CR, 2008 WL 899606, at *2 (Tex. App.—Austin Apr. 3, 2008, no pet.) (mem. op., not designated for publication) (holding that State's argument that "identity," as used in article 64.03(a)(1)(B), means only the identity of the perpetrator of the offense was supported by the plain language of the statute). We do not believe a trial court is required to order DNA testing under circumstances where, as here, the defendant has admitted to being the perpetrator but seeks to establish an affirmative defense.[1] Therefore, because the identity of the person who stabbed and killed defendant's former wife was and is not an issue, the trial court properly denied defendant's motion for DNA testing.

## CONCLUSION

We overrule defendant's issue on appeal and affirm the trial court's judgment.

Sandee Bryan Marion, Justice

Publish

---

[1] *See Reger v. State*, 222 S.W.3d 510, 514 (Tex. App.—Fort Worth 2007, pet. ref'd), *cert. denied*, 128 S.Ct. 917 (2008) (defendant admitted shooting the deceased, but he claimed he acted in self-defense and sought DNA testing to determine whether he or the deceased was the original aggressor; court of appeals held the motion was properly denied because defendant presented no issue as to the identity of the perpetrator of the offense, as required by the plain language of article 64.03); *In re Kennard*, 2008 WL 899606, at *2 (trial court properly denied DNA testing for defendant who admitted to having sexual relations with complainant but requested DNA testing to determine identity of second sperm donor for the purpose of undermining complainant's testimony that defendant sexually assaulted her); *Hooks v. State*, 203 S.W.3d 861, 863 (Tex. App.—Texarkana 2006, pet. ref'd) (trial court properly denied DNA testing for defendant who did not deny driving truck that struck and killed deceased, but sought testing to prove his assertion that the police, as part of a conspiracy, switched the DNA samples gathered at the scene); *Lewis v. State*, 191 S.W.3d 225, 228 (Tex. App.—San Antonio 2005, pet. ref'd) (trial court properly denied DNA testing for defendant who admitted having sexual intercourse with minor complainant, but sought DNA testing to prove complainant was sexually promiscuous).