*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*



★ ★ ★ ★ ★ ★

# MEMORANDUM OPINION

No. 04-08-00867-CR

Dempsey Leon **SUTTON**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 186th Judicial District Court, Bexar County, Texas
Trial Court No. 1985-CR-1279A
Honorable Maria Teresa Herr, Judge Presiding

Opinion by:　Phylis J. Speedlin, Justice

Sitting:　　Karen Angelini, Justice
　　　　　　Sandee Bryan Marion, Justice
　　　　　　Phylis J. Speedlin, Justice

Delivered and Filed:　May 13, 2009

AFFIRMED

Dempsey Leon Sutton appeals from the denial of his second request for DNA testing pursuant to Chapter 64 of the Texas Code of Criminal Procedure. We affirm the trial court's judgment.

## BACKGROUND

Sutton pled guilty to aggravated sexual assault in August 1985, and was sentenced to thirty-five years' imprisonment. In January 2005, Sutton filed a motion for DNA testing pursuant to article

64.01 of the Texas Code of Criminal Procedure. TEX. CODE CRIM. PROC. ANN. art. 64.01 (Vernon Supp. 2008). The State responded by filing affidavits stating that no biological evidence had been maintained in the case. The trial court denied the motion and entered an order finding that: (1) the biological evidence no longer existed, and thus was not in a condition to make DNA testing possible; and (2) identity was not an issue in the case, and thus Sutton had not established by a preponderance of the evidence that he would not have been convicted if DNA testing had yielded exculpatory results. Sutton appealed, and this court issued an opinion affirming the trial court's denial of his motion for DNA testing. *See Sutton v. State*, No. 04-05-00453-CR, 2006 WL 927330 (Tex. App.—San Antonio April 12, 2006, no pet.) (mem. op., not designated for publication).

Subsequently, on July 10, 2008, Sutton filed a second request for DNA testing based on our opinion in *Dossett v. State*, asserting that it "proves the rape kits from this period [1985] were not stored where the [State's] affidavits describe . . . [but] were instead in the medical examiner's freezer." *See Dossett v. State*, 216 S.W.3d 7, 19-20 (Tex. App.—San Antonio 2006, pet. ref'd) (addressing an issue concerning the chain of custody for a 1983 sexual assault kit which was stored in the medical examiner's freezer, instead of at the Criminal Investigation Laboratory, until its discovery in April 2003). Sutton requested that the trial court reopen his motion for DNA testing based on the possibility that biological evidence does exist in his case and is being stored in the medical examiner's freezer since his case is from the same 1980's era as *Dossett*; he asserts the State's affidavits in response to his first DNA motion did not address that possibility. On October 30, 2008, the trial court signed an order denying Sutton's request, stating that he had "provide[d] no new information for this Court to consider and the Court finds there is no biological evidence to test." Sutton appeals from that order.

**ANALYSIS**

On appeal, Sutton asserts the trial court abused its discretion in denying his second request for DNA testing without requiring a response from the State "in light of [his] claim that evidence may have existed in a place not searched for by the State in response to his prior motion for testing." To obtain post-conviction DNA testing under Chapter 64, several requirements must be met. *See* TEX. CRIM. PROC. CODE ANN. art. 64.03(a) (Vernon Supp. 2008). The convicting court may not order testing under Chapter 64 unless all of the statutory preconditions are met. *Bell v. State*, 90 S.W.3d 301, 306 (Tex. Crim. App. 2002); *Lyon v. State*, 274 S.W.3d 767, 768 (Tex. App.—San Antonio 2008, pet. ref'd). One of those preconditions is a determination by the convicting court that "identity was or is an issue in the case." TEX. CODE CRIM. PROC. ANN. art. 64.03(a)(1)(B); *see Bell*, 90 S.W.3d at 308 ("Chapter 64 requires that identity 'was or is' an issue, not that future DNA testing could raise the issue."); *see also Prible v. State*, 245 S.W.3d 466, 470 (Tex. Crim. App. 2008).

In our prior opinion in this case, we affirmed the trial court's denial of Sutton's first motion for DNA testing, which was based in part on an express finding that identity was not an issue in the case. *See Sutton*, 2006 WL 927330, at *1. Sutton presented no new information in his second request for DNA testing showing that identity was or is an issue in his case. *Id*. Accordingly, the trial court's prior finding that "identity was not an issue in this case, and Defendant has not established by a preponderance of the evidence that [he] would not have been convicted if exculpatory results had been obtained through DNA testing" is the law of the case, and is therefore controlling. *Howlett v. State*, 994 S.W.2d 663, 666 (Tex. Crim. App. 1999) (law-of-the-case doctrine provides that appellate court's resolution of question of law in previous appeal of same case

will govern disposition of same issue when raised in a subsequent appeal). Sutton has not shown any "compelling circumstances" that would require a reconsideration of the identity issue decided in the prior appeal. *Ex parte Granger*, 850 S.W.2d 513, 516 (Tex. Crim. App. 1993). Therefore, Sutton has failed to meet one of the requirements for DNA testing, which is that identity was or is an issue in the case. TEX. CODE CRIM. PROC. ANN. art. 64.03(a)(1)(B). We therefore conclude the trial court did not abuse its discretion in denying Sutton's second request for DNA testing. *Rivera v. State*, 89 S.W.3d 55, 59 (Tex. Crim. App. 2002) (bifurcated standard of review applies to post-conviction motion for DNA testing).

Based on the foregoing analysis, we affirm the trial court's order denying Sutton's second request for DNA testing.

Phylis J. Speedlin, Justice

Do not publish