

# IN THE
# TENTH COURT OF APPEALS

## No. 10-09-00409-CR

VAUGHN BIRDWELL,

                                                            Appellant

 v.

THE STATE OF TEXAS,

                                                            Appellee

**From the 54th District Court
McLennan County, Texas
Trial Court No. 1995-324-C**

## MEMORANDUM  OPINION

Raising five issues, Vaughn Birdwell appeals the trial court's denial of his successive (his fourth) motion for forensic DNA testing, which was filed on October 6, 2009.[1]  We affirmed the trial court's denial of his third motion for forensic DNA testing in *Birdwell v. State*, 276 S.W.3d 642 (Tex. App.—Waco 2008, pet. ref'd).

Birdwell's first issue complains that the trial court erred because it denied his motion pursuant to article 64.01 only.  Birdwell's successive (fourth) motion is entitled:

---

[1] The law in effect on that date governs this fourth motion.  *See* Act of May 20, 2011, 82nd Leg., R.S., ch. 366, §§ 4-5, 2011 Tex. Sess. Law Serv. 1015, 1016 (West).

"SUCCESSIVE MOTION TO CONDUCT FORENSIC DNA TESTING UNDER CHAPTER 64, ARTICLES 64.01 – 64.05, TEXAS CODE OF CRIMINAL PROCEDURE."[2] The trial court's order, which summarily denied the motion before the State filed a response, provides in pertinent part:

> Came on to be considered on December 3, 2009, that certain document designated by the defendant as follows:
>
> > Successive Pro Se Motion to Conduct Forensic DNA Testing Pursuant to Article 64.01 of The Texas Code of Criminal Procedure,
>
> and after review of same, the Court is of the opinion that the same should be, and is in all respects DENIED.

We disagree with Birdwell's conclusion that the trial court denied his motion pursuant to article 64.01 only. The trial court's order merely attempts to paraphrase the title of Birdwell's motion; it does not purport to deny the motion under article 64.01 alone. Issue one is overruled.

We proceed to Birdwell's third issue, which generally argues that the trial court erred in denying his motion under article 64.03. We also address Birdwell's introductory argument that the 2007 amendment to article 64.03(b) prohibits a finding that identity was not an issue in the case. The evidence from Birdwell's murder trial is detailed in our 2008 opinion, and we held:

> A threshold requirement for the trial court's ordering forensic DNA testing is that the defendant's identity was or is an issue in the case. … The trial court found that identity "was not, never was and is not now an issue."

---

[2] Birdwell's entire brief and all of his documents filed with the trial court, while typewritten, are typed in "all caps" (all capital letters), which is difficult to read and which we discourage.

We agree with the State and the trial court that Birdwell's identity as the person who stabbed and killed Irene is not and was not an issue in the case.

…

The purpose of DNA testing under article 64.03 is to provide an avenue by which a defendant may seek to establish his innocence by excluding himself as the perpetrator of the offense. *See Blacklock v. State,* 235 S.W.3d 231, 232-33 (Tex. Crim. App. 2007). Birdwell asserted self-defense against the "third person" in Irene's house, and the jury was charged on but rejected that theory in finding Birdwell guilty. The contested issue in his trial was not *who* stabbed and killed Irene, but *why* Birdwell stabbed her. Birdwell judicially admitted that he stabbed her. Identity was not and is not an issue, and the trial court did not err in so finding. *See Lyon v. State,* --- S.W.3d ---, --- & n.1, 2008 WL 4587242, at *2 & n.1 (Tex. App.—San Antonio Oct. 15, 2008, no pet. h.) (identity was not at issue where defendant had admitted he stabbed his wife in self-defense, and postconviction DNA testing is not for establishing a defense); *Reger v. State,* 222 S.W.3d 510, 514 (Tex. App.—Fort Worth 2007, pet. ref'd) (perpetrator's identity not at issue where defendant admitted to shooting victim in self-defense); *In re State ex rel. Villalobos,* 218 S.W.3d 837, 840-41 (Tex. App.—Corpus Christi 2007, orig. proceeding) (identity was not at issue where defendant convicted of murder sought DNA testing to prove self-defense); *Roughly v. State,* 2003 WL 22450442, at *1 (Tex. App.—Dallas Oct. 29, 2003, pet. ref'd) (not designated for publication) (perpetrator's identity not at issue where defendant admitted to stabbing victim and throwing him off balcony in self-defense). We overrule Birdwell's third issue to the extent it asserts identity is or was at issue.

*Birdwell,* 276 S.W.3d at 644-46.

Birdwell emphasizes the propriety of his successive (fourth) motion because article 64.03(b) was amended after the filing of his third motion, which was filed on July 12, 2006. Article 64.03(b) was amended in 2007 to provide:

(b) A convicted person who pleaded guilty or nolo contendere *or, whether before or after conviction, made a confession or similar admission* in the case may submit a motion under this chapter, and the convicting court is prohibited from finding that identity was not an issue in the case solely on the basis of that plea, *confession, or admission, as applicable.*

TEX. CODE CRIM. PROC. ANN. art. 64.03(b) (West Supp. 2011) (emphasis added). Amended article 64.03(b) became effective September 1, 2007, did not apply to Birdwell's third motion, and thus was not at issue in our 2008 opinion. Act of May 24, 2007, 80th Leg., R.S., ch. 1006, §§ 5(b), 6, 2007 Tex. Gen. Laws 3523, 3525.

Birdwell argues that, under amended article 64.03(b), his admissions at his trial that he stabbed the victim preclude a denial of DNA testing on the ground that identity was not an issue in the case. But the State points out, and we agree, that amended article 64.03(b) prohibits a finding that identity was not an issue in the case *solely* on the basis of that admission. Our 2008 opinion did focus on Birdwell's admissions that he stabbed the victim, but it also discussed the following evidence supporting a finding that identity was not an issue in the case: (1) the victim's 9-1-1 call that Birdwell was beating on her doors and windows; (2) the victim's phone conversation with police dispatch that Birdwell had broken into her house and that she was cut; and (3) the police officer's testimony that when he entered the house, he encountered Birdwell ("bloody knife in hand and covered in blood, talking on the phone with 9-1-1") and found the victim dying of multiple stab wounds. *Birdwell*, 276 S.W.3d at 644-45. Because identity was not an issue in the case solely on the basis of Birdwell's admissions, but also because of this other evidence, the trial court did not err in denying Birdwell's motion. We overrule issue three.

Birdwell's second issue complains that the trial court and the State failed to follow article 64.02's procedural steps. *See* TEX. CODE CRIM. PROC. ANN. art. 64.02 (West

Supp. 2011). Because, as we have held above, Birdwell is not entitled to DNA testing under article 64.03, the failure to follow article 64.02's procedural steps is harmless. The failure to follow article 64.02 is also harmless because that failure does not entitle Birdwell to DNA testing. Issue two is overruled.

Issue four complains of the trial court's denial of Birdwell's motion requesting the trial court to take judicial notice of facts in the trial record that would establish by a preponderance of the evidence that Birdwell would not have been convicted if exculpatory results had been obtained through DNA testing. *See id.* art. 64.03(a)(2)(A). Any error in the trial court's refusal to take judicial notice is harmless because, as we have held above, Birdwell is not entitled to DNA testing under article 64.03. Issue four is overruled.

Issue five complains of the trial court's refusal to make findings of fact and conclusions of law in support of its denial of Birdwell's motion.[3] Article 64.03 requires findings only if the trial court orders forensic DNA testing. *See id.* art. 64.03(a)(1). The trial court did not err in denying Birdwell's request for findings and conclusions. Issue five is overruled.

Having overruled all of Birdwell's issues, we affirm the trial court's order denying his successive motion for forensic DNA testing.


REX D. DAVIS
Justice

---

[3] The trial court made findings and conclusions on Birdwell's third motion.

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Affirmed
Opinion delivered and filed December 28, 2011
Do not publish
[CRPM]