

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-12-00026-CR
_____

GARY W. STRICKLAND, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 354th Judicial District Court
Hunt County, Texas
Trial Court No. 21449

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

Gary W. Strickland has filed this appeal to challenge the trial court's denial of Strickland's motion for DNA testing of evidence. We have reviewed the record and applicable law, and find no error in the trial court's ruling. We overrule Strickland's points of error.

In reviewing a trial court's decision on a request for DNA testing, we employ a bifurcated standard of review. *Rivera v. State*, 89 S.W.3d 55, 59 (Tex. Crim. App. 2002). We defer to the trial court's determination of issues of historical fact and application-of-law-to-fact issues that turn on credibility and demeanor, while we review de novo other application-of-law-to-fact issues. *Id.* To obtain DNA testing of evidence containing biological material under Chapter 64 of the Texas Code of Criminal Procedure, the convicted person must file a motion and supporting affidavit showing that the evidence sought to be tested was in the possession of the State during the trial of the offense. The person must also show that the evidence was not previously subjected to DNA testing, or although previously subjected to DNA testing, the evidence can be subjected to testing with newer techniques that provide a reasonable likelihood of results that are more accurate and probative than the results of the previous test. *See* TEX. CODE CRIM. PROC. ANN. art. 64.01(a), (b) (West Supp. 2012). Further, the convicted person must establish several facts in the trial court. *See* TEX. CODE CRIM. PROC. ANN. art. 64.03(a) (West Supp. 2012). Among the required showings are: (1) that identity was or is an issue in the case; and (2) the convicted person establishes by a preponderance of the evidence that a reasonable probability exists that the person would not have been convicted if exculpatory results had been obtained through DNA testing. TEX. CODE CRIM. PROC. ANN. art. 64.03(a)(1)(B),

2

(a)(2)(A). Under the second requirement listed above, the convicted person must show that a reasonable probability exists that exculpatory DNA tests would prove their innocence. *Rivera*, 89 S.W.3d at 59; *Kutzner v. State*, 75 S.W.3d 427, 439 (Tex. Crim. App. 2002). The requested DNA testing must conclusively outweigh all other evidence of guilt. *Rivera*, 89 S.W.3d at 59; *Thompson v. State*, 95 S.W.3d 469, 472 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd). This showing has not been made if exculpatory test results would "merely muddy the waters." *Kutzner*, 75 S.W.3d at 438–39.

The trial court's order in this case stated Strickland had failed to show identity was at issue in the case, and Strickland failed to show by a preponderance of the evidence that he would not have been convicted had exculpatory results been obtained through DNA testing. *See* TEX. CODE CRIM. PROC. ANN. art. 64.03(a) (West Supp. 2012). No findings of fact or conclusions of law were made. The State did not argue, and the trial court made no findings, that any biological material existed, that it had been subject to an adequate chain of custody, and was in a condition which could be tested, or that the request for testing was not made to unreasonably delay the execution of Strickland's sentence or the administration of justice.[1] *See* TEX. CODE CRIM. PROC. ANN. art. 64.03(a). As these elements were alleged by Strickland in his motion and are not attacked by the State in its brief, we will assume arguendo those requirements were satisfied and address the issues of identity and probability the applicant would not have been convicted.

---

[1]Strickland was sentenced to twelve years' imprisonment in 2004. We affirmed his conviction in 2005. *Strickland v. State*, 06-04-00063-CR, 2005 Tex. App. LEXIS 2300 (Tex. App.—Texarkana Mar. 28, 2005, pet. ref'd) (mem. op., not designated for publication).

## Identity Not at Issue

At trial, Strickland testified that he confronted the victim, David Nicholson, about stealing Strickland's tools. Strickland said Nicholson came at Strickland with a baseball bat, as if to hit him, and Strickland hit Nicholson in the mouth. Strickland said that at the time, he had a multi-meter, or voltmeter, in his hand. The victim identified Strickland as having attacked him and having beat him in the head and face with a piece of brick. The identity of Nicholson's attacker was not at issue at trial. Strickland did assert self-defense, and maintains in his appellate brief and in his motion for DNA testing that he struck Nicholson with a multi-meter and not a brick. None of this, though, brings to question the identity of Nicholson's attacker. *See Lyon v. State*, 274 S.W.3d 767, 769 (Tex. App.—San Antonio 2008, no pet.) (identity not at issue where defendant admitted he stabbed wife in self-defense); *Reger v. State*, 222 S.W.3d 510, 514 (Tex. App.—Fort Worth 2007, pet. ref'd) (perpetrator's identity not at issue where defendant admitted shooting victim in self-defense). The trial court correctly found that identity was not at issue in this case.

## Failure of Proof Strickland Would Not Have Been Convicted

Even if identity had been at issue, Strickland did not demonstrate by a preponderance of the evidence that he would not have been convicted if exculpatory evidence had been obtained through the requested DNA testing. The victim identified Strickland as having assaulted him; the victim's ex-wife said Strickland passed her as he walked out of the house to the driveway where David Nicholson was; she heard something, went back outside, and saw David Nicholson bleeding. Strickland admitted striking Nicholson, although he claimed to have done so in self-

4

defense. The jury was free to accept or disbelieve the asserted theory of self-defense. *Saxton v. State*, 804 S.W.2d 910, 913–14 (Tex. Crim. App. 1991). "The bottom line in post-conviction DNA testing is this: Will this testing, if it shows that the biological material does not belong to the defendant, establish, by a preponderance of the evidence, that he did not commit the crime as either a principal or a party?" *Ex parte Gutierrez*, 337 S.W.3d 883, 900 (Tex. Crim. App. 2011). Even if some biological evidence which did not belong to Strickland were discovered, such evidence would not prove by a preponderance of the evidence that he did not commit aggravated assault upon Nicholson. Put another way, Strickland failed to demonstrate a greater than fifty percent chance he would not have been convicted if DNA testing had yielded exculpatory results. *Prible v. State*, 245 S.W.3d 466, 467–68 (Tex. Crim. App. 2008).

**Chapter 64 Is Not a Forum to Re-litigate Trial**

The bulk of Strickland's pro se appellate brief is spent complaining about alleged inconsistencies in witness testimony, impugning the credibility of the State's witnesses, or arguing about the timeline of events as described in the trial testimony. Strickland alleges that one State's witness committed perjury and allegedly recanted her trial testimony. There is nothing at all in the record before us demonstrating such a recantation.[2] One witness, Marsha Nicholson, testified at trial she did not observe the fight between Strickland and the victim, but only heard it and then came outside. The record before us does not have any pretrial statement

---

[2]Strickland seems to base this argument on his allegation that one State's witness told police she saw the fight between Strickland and the victim; but at trial testified she did not witness the fight or see Strickland hit Nicholson. Inconsistencies in witness testimony or between a witness' trial testimony and pretrial statements are a matter of credibility and weighing of the evidence to be determined by the jury. *See Cain v. State*, 958 S.W.2d 404, 408–09 (Tex. Crim. App. 1997).

by the victim that may have been part of the law enforcement's investigation. The only issue before this Court is the trial court's denial of the request for DNA testing. For the reasons stated above, we affirm the trial court and overrule Strickland's appellate points attacking that ruling. We do not address Strickland's complaints which seek to re-litigate the sufficiency of the evidence or the credibility of the State's witnesses. Similarly, we decline to address Strickland's argument that he was denied the ability to cross-examine witnesses. Both the victim and his former wife, Marsha Nicholson, testified and were cross-examined at trial. As pointed out earlier, Marsha Nicholson testified to the jury she did not witness the fight, so we can find no suggestion of the perjury alleged in Strickland's brief.

We affirm the trial court's order.


Bailey C. Moseley
Justice


Date Submitted:    September 4, 2012
Date Decided:     October 2, 2012

Do Not Publish

6