

# NUMBER 13-13-00145-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE GILBERTO CHAVERO JR.

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Perkes
### Memorandum Opinion Per Curiam[1]

Relator, Gilberto Chavero Jr., filed a petition for writ of mandamus on March 14, 2013, through which he seeks to compel the trial court to rule on relator's motion for post-conviction DNA testing pursuant to Chapter 64 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. arts. 64.01, 64.03 (West Supp. 2012). Relator subsequently filed a motion to supplement his petition for writ of mandamus to

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

1

correct a defective certification, which we hereby grant. *See* TEX. R. APP. P. 52.3(j). We dismiss the petition for writ of mandamus as moot.

A jury found relator guilty of the offense of capital murder, and the trial court assessed his punishment at life imprisonment. This Court affirmed the conviction. *See Chavero v. State*, 36 S.W.3d 688, 693 (Tex. App.—Corpus Christi 2001, no pet.); *see also Chavero v. Hidalgo County Dist. Clerk*, No. WR-76,228-02, 2012 Tex. Crim. App. Unpub. LEXIS 356, at \*\*1–2 (Tex. Crim. App. Apr. 18, 2012) (orig. proceeding) (per curiam) (not designated for publication).

As a threshold matter, we first address our jurisdiction over this petition for writ of mandamus. Although the fruit of this proceeding may be intended for eventual habeas corpus proceedings in the Texas Court of Criminal Appeals, this purpose does not preclude a court of appeals from exercising its jurisdiction over district judges in the midst of a Chapter 64 action. *See Padieu v. Court of Appeals of Tex.*, No. AP-76,727, 2013 Tex. Crim. App. LEXIS 487, at \*\*4–5 (Tex. Crim. App. Jan. 9, 2013) (orig. proceeding) (per curiam) (designated for publication) (citing *In re Jackson*, 238 S.W.3d 603, 605–06 (Tex. App.—Waco 2007, orig. proceeding); *In re State ex rel Villalobos*, 218 S.W.3d 837, 838–41 (Tex. App.—Corpus Christi 2007, orig. proceeding)). Accordingly, we proceed to the merits.

Through this petition for writ of mandamus, relator asserts that he requested post-conviction DNA testing from the trial court pursuant to Chapter 64 of the Texas Code of Criminal Procedure, but the trial court has not conducted a hearing and issued a written order on the motion. As supporting documentation, relator included a file-

stamped copy of his motion for DNA testing dated July 6, 2012 and a file-stamped October 17, 2012 letter to the trial court asking for a ruling on the motion.

The Court requested and received a response to the petition for writ of mandamus from the State of Texas, acting by and through the Criminal District Attorney for Hidalgo County, Texas. The State contends that there is good cause to dismiss this original proceeding because on March 28, 2013, the trial court signed findings of fact and conclusions of law denying relator's pro se motion for forensic DNA testing, thereby ruling on the merits of relator's motion. The State thus contends that this original proceeding has been rendered moot.

The Court, having examined and fully considered the petition for writ of mandamus and the response thereto, is of the opinion that this original proceeding has been rendered moot. *See Jack v. State*, 149 S.W.3d 119 n.10 (Tex. Crim. App. 2004) ("A case becomes moot on appeal when the judgment of the appellate court can no longer have an effect on an existing controversy or cannot affect the rights of the parties."); *Chacon v. State*, 745 S.W.2d 377 (Tex. Crim. App. 1988) (noting that "generally a cause, issue or proposition is or becomes moot when it does not, or ceases to, rest on any existing fact or right"). Therefore, this original proceeding is dismissed as moot.

PER CURIAM

Do not publish. TEX. R. APP. P. 47.2(b).

Delivered and filed the
4th day of April, 2013.