**AFFIRM; Opinion issued April 29, 2013**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-11-00536-CR**

**JAMES A. ROUGHLEY, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Criminal Court No. 2**
**Dallas County, Texas**
**Trial Court Cause No. F95-02453-OI**

## MEMORANDUM OPINION

Before Justices Bridges, Lang, and Richter[1]
Opinion by Justice Bridges

James A. Roughley appeals the denial of his second motion for post-conviction DNA testing. In sixteen issues, appellant argues the trial court erred in failing to take judicial notice of certain matters, including appellant's trial testimony, appellant's medical records, "the State's contentions that appellants [sic] injuries came from tussling over his own weapon," appellant's "claims of being injured from a prior assault," and appellant's medical records from a prior assault. Appellant claims the trial court erred in denying DNA testing of the decedent's pocket knife to identify the knife as the source of appellant's injuries, identify the decedent as the "perpetrator of a criminal act of aggravated assault with the pocket knife," and support appellant's "testimony of tussling over the pocket knife" and "claim of being lacerated by the

[1] The Honorable Martin E. Richter, Retired Justice, sitting by assignment.

pocket knife in the instant of pushing [decedent] over the railings." Appellant claims the DNA testing will show the State willfully used perjured testimony, and the trial court misconstrued the record in denying DNA testing. Appellant argues the trial court erred in denying his request for an evidentiary hearing and in failing to appoint counsel to represent him in his attempt to obtain DNA testing. We affirm the trial court's order denying DNA testing.

In March 1995, appellant was indicted on a charge of murdering James Nervis. At trial, appellant testified he and Nervis "tussled around," and Nervis cut appellant with a knife. Appellant testified he killed Nervis "[i]n self defense" by stabbing Nervis with a knife "once in the throat." Appellant then pushed Nervis over a balcony railing. In August 1995, a jury convicted appellant of murdering Nervis. The jury charge included nearly four pages instructing the jury on the law of self defense and directed the jury to find appellant not guilty if it found he was acting in self defense. On June 10, 1998, a panel of this Court affirmed appellant's murder conviction. *Roughley v. State*, No. 05-95-01305-CR, 1998 WL 300581 (Tex. App.—Dallas June 10, 1998, pet. ref'd) (not designated for publication).

In 2002, appellant filed a motion for post-conviction DNA testing, which the trial court denied. On October 29, 2003, a panel of this Court affirmed the trial court's denial of DNA testing on the grounds that the trial court was not required to examine the entire record of appellant's murder trial before denying appellant's motion, and identity was not at issue. *Roughley v. State*, No. 05-03-00049-CR, 2003 WL 22450442 (Tex. App.—Dallas October 29, 2003, pet. ref'd) (not designated for publication). In that appeal, appellant claimed his identity was at issue because "[t]he identity of the first aggressor was critical to [his] claim of self defense." *Id.*

In sixteen issues, appellant raises various arguments regarding the trial court's failure to take judicial notice of certain matters and in denying DNA testing which would generally

support appellant's claim that he acted in self defense. In addition, appellant claims DNA testing would show the State willfully used perjured testimony, and the trial court misconstrued the record in denying DNA testing. Finally, appellant argues the trial court erred in denying his request for an evidentiary hearing and in failing to appoint counsel to represent him.

None of appellant's arguments raise the issue of identity or contradict appellant's testimony that he stabbed Norvis in the throat and threw him over a balcony railing, killing him. Unless it finds that identity was or is an issue in the original trial, a convicting court may not order post-conviction DNA testing. *See* TEX. CODE CRIM. PROC. ANN. art. 64.03(a)(1)(B) (West Supp. 2012). The issue here is not who committed the crime; instead, appellant is seeking to use DNA evidence to show he acted in self defense. These concerns are not identity concerns. *See In re State ex rel. Villalobos*, 218 S.W.3d 837, 840 (Tex. App.—Corpus Christi 2007, orig. proceeding) (identity not at issue where issue raised in request for DNA testing was whether findings of DNA testing would assist appellant with his claim of self defense). Because appellant's identity was not at issue, the trial court did not abuse its discretion in denying appellant's request for post-conviction DNA testing. *See id.* We overrule appellant's issues.

We affirm the trial court's denial of post-conviction DNA testing.

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
110536F.U05

–3–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JAMES A. ROUGHLEY, Appellant

No. 05-11-00536-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Criminal Court
No. 2, Dallas County, Texas
Trial Court Cause No. F95-02453-OI.
Opinion delivered by Justice Bridges.
Justices Lang and Richter participating.

Based on the Court's opinion of this date, the trial court's order denying appellant James A. Roughley's motion for post-conviction DNA testing is **AFFIRMED**.

Judgment entered April 29, 2013.

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE