# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00520-CR

**Michael Terry Brugmann, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BASTROP COUNTY, 21ST JUDICIAL DISTRICT
### NO. 10,455, HONORABLE H. R. TOWSLEE, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Michael Terry Brugmann is serving a forty-five year prison sentence for murder. *See Brugmann v. State*, No. 03-03-00371-CR, 2004 WL 314960, at *1 (Tex. App.—Austin Feb. 20, 2004, no pet.) (mem. op., not designated for publication) (affirming Brugmann's conviction). Brugmann, acting pro se, appeals the district court's order denying his motion for post-conviction forensic DNA testing. *See* Tex. Code Crim. Proc. arts. 64.01(a-1) (allowing convicted person to file motion for forensic DNA testing in convicting court), 64.05 (permitting appeal from trial court's denial of DNA testing). We review a court's ruling on a motion for post-conviction DNA testing for an abuse of discretion. *See Reger v. State*, 222 S.W.3d 510, 514 (Tex. App.—Fort Worth 2007, pet. ref'd), *cert. denied*, 128 S.Ct. 917 (2008).

Brugmann asserts that the district court erred in failing to appoint a "bloodspatter expert" to review the "bloodspatter evidence" in his case because, according to Brugmann, such

evidence would demonstrate that he acted in self defense. Although Brugmann "admits that the DNA motion was not the 'best' choice to" raise his request for a blood-spatter analysis, he argues that "Bloodspatter (& DNA) [are] alleged to be directly related" to the forensic issues in his case. Specifically, Brugmann claims that DNA testing will reveal that only the victim's blood was present at the crime scene, and based on the pattern of that relevant blood spatter, a forensic expert could testify that the victim was the initial aggressor.

A trial court may order post-conviction DNA testing only if the requirements of article 64.03 of the Code of Criminal Procedure are met. Relevant here, a trial court may order DNA testing only if "identity was or is an issue in the case." *See* Tex. Code Crim. Proc. art. 64.03(a)(1)(B). This Court, along with our sister courts of appeals, has concluded that this provision means that the identity of the *perpetrator* of the alleged offense must be at issue. *See In re Kennard*, No. 03-07-00308-CR, 2008 WL 899606, at *2–3 (Tex. App.—Austin Apr. 3, 2008, no pet.) (mem. op., not designated for publication); *see also Lyon v. State*, 274 S.W.3d 767, 769 n.1 (Tex. App.—San Antonio 2008, pet. ref'd) (listing several court-of-appeals decisions reaching same conclusion). Thus, DNA testing is not appropriate under article 64.03 when a defendant admits to committing an offense but asserts that DNA testing might support an affirmative defense or undermine the State's case. *See Lyon*, 274 S.W.3d at 769 n.1 (noting that appellate courts have affirmed trial courts' denials of DNA testing based on claims of self-defense, assertions that police tampered with evidence, or arguments that unaccounted-for sperm samples would indicate alleged sexual-assault victim was promiscuous).

Brugmann does not claim that his identity was an issue in his case. Rather, he asserts that DNA testing—along with blood-spatter analysis—will prove that he acted in self defense. This

affirmative defense does not justify ordering DNA testing under the requirements of article 64.03. *See Reger*, 222 S.W.3d at 514 (concluding that self-defense claim cannot support post-conviction DNA testing because identity not at issue). Therefore, we cannot conclude that the district court abused its discretion in denying Brugmann's motion for DNA testing. *See id.* We overrule Brugmann's sole issue on appeal.

We affirm the district court's order denying Brugmann's motion for post-conviction DNA testing.

_____

Scott K. Field, Justice

Before Justices Puryear, Goodwin, and Field

Affirmed

Filed:   August 22, 2014

Do Not Publish

3