

# NUMBER 13-19-00274-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

EDUARDO CHAPA,                                             **Appellant,**

## v.

THE STATE OF TEXAS,                                        **Appellee.**

---

## On appeal from the 341st District Court
## of Webb County, Texas.

---

# MEMORANDUM OPINION

## Before Justices Hinojosa, Perkes, and Tijerina
## Memorandum Opinion by Justice Perkes

Appellant Eduardo Chapa appeals the trial court's order denying post-conviction

DNA testing.[1] We affirm.

---

[1] This case is before this Court on transfer from the Fourth Court of Appeals in San Antonio pursuant to a docket-equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001.

# I. FACTUAL AND PROCEDURAL BACKGROUND

On May 31, 2005, Chapa was indicted on murder and felon in possession of a firearm charges. *See* TEX. PENAL CODE ANN. §§ 19.02, 46.04. At a jury trial, Chapa admitted to stabbing the complainant, Abel Garza, eleven times and shooting him twice thereafter; Chapa claimed his actions were done in self-defense. Chapa was convicted and sentenced to fifty years' imprisonment. Chapa appealed his conviction, and our sister court affirmed the trial court's judgment. *See Chapa v. State*, No. 04-08-00374-CR, 2009 WL 1405925, at *1 (Tex. App.—San Antonio May 20, 2009, no pet.) (mem. op., not designated for publication).

On March 26, 2018, Chapa filed a pro se motion for DNA testing pursuant to article 64.01 of the Texas Code of Criminal Procedure, and the trial court appointed him counsel. *See* TEX. CODE CRIM. PRO. ANN. art. 64.01. After reviewing the filed briefs and hearing arguments of counsel, the trial court denied Chapa's motion on May 6, 2019, and made several findings of fact:

1. Evidence (a knife) exists and is in a condition making DNA testing possible;

2. The evidence has been subjected to a chain of custody sufficient to establish that it has not been substituted, tampered with, replaced or altered in any material way;

3. There is a reasonable likelihood that the evidence contains biological material suitable for DNA testing;

The Court further finds that:

4. Identity is/was not an issue in the underlying case.[2]

---

Because this is a transfer case, we apply the precedent of the San Antonio Court of Appeals to the extent it differs from our own. *See* TEX. R. APP. P. 41.

[2] At the hearing, Chapa's counsel acquiesced that existing precedent on the issue of identity was unfavorable to the defendant but urged the trial court "to go against precedent." *See Lyon v. State*, 274 S.W.3d 767, 769–70 (Tex. App.—San Antonio 2008, pet. ref'd).

*See id.* art. 64.04. This appeal followed. *See id.* art. 64.05.

## II.    CHAPTER 64 MOTION

In a single issue, Chapa challenges the trial court's denial of his Chapter 64 motion.

## A.    Standard of Review and Applicable Law

The purpose of DNA testing under Chapter 64 of the Texas Code of Criminal Procedure is to provide an avenue by which a defendant may seek to establish his innocence by excluding himself as the perpetrator of the offense. *See Hall v. State*, 569 S.W.3d 646, 655 (Tex. Crim. App. 2019); *Blacklock v. State*, 235 S.W.3d 231, 232–33 (Tex. Crim. App. 2007). To be entitled to post-conviction DNA testing, a convicted person must satisfy all the applicable requirements of Chapter 64, including showing "by a preponderance of the evidence that . . . the person would not have been convicted if exculpatory results had been obtained through DNA testing." TEX. CODE CRIM. PROC. art. 64.03(a)(2)(A); *see Hall*, 569 S.W.3d at 655. "This means that a convicted person must show a greater than 50% chance that he would not have been convicted if exculpatory results from the requested DNA testing had been available at trial." *Hall*, 569 S.W.3d at 655 (citing *Reed v. State,* 541 S.W.3d 759, 774 (Tex. Crim. App. 2017)). "[T]he convicted person's burden will not be satisfied 'if the record contains other substantial evidence of guilt independent of that for which the movant seeks DNA testing.'" *Id.* at 656 (quoting *Swearingen v. State*, 303 S.W.3d 728, 736 (Tex. Crim. App. 2010)).

The trial court entered a non-favorable finding here. Thus, we apply a bifurcated standard of review, affording almost total deference to the trial court's resolution of historical facts and mixed questions that turn on credibility and demeanor, but we review de novo mixed questions that do not turn on credibility and demeanor and questions of

3

law. *Dunning v. State*, 572 S.W.3d 685, 692 (Tex. Crim. App. 2019) (citing *Rivera v. State*, 89 S.W.3d 55, 59 (Tex. Crim. App. 2002)).

## B.    Analysis

The Chapter 64 statute enumerates the following requirements that are relevant to the context of Chapa's motion:

(a) A convicting court may order forensic DNA testing under this chapter only if:

(1) the court finds that:

(A) the evidence:

(i) still exists and is in a condition making DNA testing possible; and

(ii) has been subjected to a chain of custody sufficient to establish that it has not been substituted, tampered with, replaced, or altered in any material respect;

(B) there is a reasonable likelihood that the evidence contains biological material suitable for DNA testing; and

(C) identity was or is an issue in the case; and

(2) the convicted person establishes by a preponderance of the evidence that:

(A) the person would not have been convicted if exculpatory results had been obtained through DNA testing; and

(B) the request for the proposed DNA testing is not made to unreasonably delay the execution of sentence or administration of justice.

TEX. CODE CRIM. PRO. ANN. art. 64.03(a)(1)–(2).

The parties do not dispute that the knife, the evidence in question, still exists, is in a condition making DNA testing possible, and has been subjected to an appropriate chain of custody, *see id*. art. 64.03(a)(1)(A), or that "there is a reasonable likelihood that the

evidence contains biological material suitable for DNA testing." *Id*. art. 64.03(a)(1)(B). The parties instead disagree as to whether "identity was or is an issue in the case," *id*. art. 64.03(a)(1)(C), and whether Chapa has established by a preponderance of the evidence that he would not have been convicted if exculpatory results had been obtained through DNA testing. *See id*. art. 64.03(a)(2)(A).

We find the issue of identity to be dispositive in this case. Chapa specifically seeks DNA testing to show that Garza was the aggressor and that he acted in self-defense. However, when a defendant raises a self-defense claim, the identity of the alleged perpetrator is *ipso facto* not an issue. *See Pegues v. State*, 518 S.W.3d 529, 535 (Tex. App.—Houston [1st Dist.] 2017, no pet.); *Peyravi v. State*, 440 S.W.3d 248, 249–50 (Tex. App.—Houston [14th Dist.] 2013, no pet.); *Lyon v. State*, 274 S.W.3d 767, 769 (Tex. App.—San Antonio 2008, pet. ref'd); *Reger v. State*, 222 S.W.3d 510, 514 (Tex. App.—Fort Worth 2007, pet. ref'd); *see also Manns v. State*, No. 02-19-00312-CR, 2020 WL 1466314, at *7 (Tex. App.—Fort Worth Mar. 26, 2020, no pet.) (mem. op., not designated for publication).

In *Lyon*, the appellant asserted that "DNA testing [would] prove he acted in self-defense when he stabbed" his former wife. *See Lyon*, 274 S.W.3d at 769. The court concluded

> The purpose of DNA testing under article 64.03 is to provide an avenue by which a defendant may seek to establish his innocence by excluding himself as the perpetrator of the offense. . . . We do not believe a trial court is required to order DNA testing under circumstances where, as here, the defendant has admitted to being the perpetrator but seeks to establish an affirmative defense. Therefore, because the identity of the person who stabbed and killed defendant's former wife was and is not an issue, the trial court properly denied defendant's motion for DNA testing.

*Id.* at 769–70. We find *Lyon* to be directly applicable and decline Chapa's invitation to revisit the court's prior holding. *See id.*; *see also Garcia v. State*, 327 S.W.3d 269, 273 (Tex. App.—San Antonio 2010, pet. ref'd) (reaffirming *Lyon*). Chapa does not dispute that he stabbed and shot Garza. Though Chapa testified at trial that he sustained "[a] couple of cuts on [his] hand" at one point during the altercation, he also conceded that he had an opportunity to drive away after disarming Garza, no one else stabbed Garza except him, Garza was stabbed in the back, and he shot Garza twice after first stabbing him eleven times and inflicting twelve separate "incise wounds." *See Hall*, 569 S.W.3d at 655; *LaRue v. State*, 518 S.W.3d 439, 446 (Tex. Crim. App. 2017); *Lyon*, 274 S.W.3d at 769–70. "Here, the issue is not who committed an offense, but rather why," and such issues "are not identity concerns." *In re State ex rel. Villalobos*, 218 S.W.3d 837, 840 (Tex. App.—Corpus Christi–Edinburg 2007, no pet.).

Because the trial court properly found that identity was not and is not at issue, the trial court did not abuse its discretion in denying Chapa's motion for post-conviction DNA testing. *See Hall*, 569 S.W.3d at 662; *Peyravi*, 440 S.W.3d at 250; *Lyon*, 274 S.W.3d at 770. We overrule Chapa's sole issue.

### III.    CONCLUSION

We affirm the trial court's judgment.

GREGORY T. PERKES
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
20th day of August, 2020.

6