Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio




# OPINION

No. 04-09-00735-CR

Ovidio **GARCIA**, Jr.,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 229th Judicial District Court, Starr County, Texas
Trial Court No. 91-CR-43
Honorable J. Manuel Banales, Judge Presiding

Opinion by:    Karen Angelini, Justice

Sitting:    Catherine Stone, Chief Justice
Karen Angelini, Justice
Marialyn Barnard, Justice

Delivered and Filed:  July 21, 2010

AFFIRMED

This is an appeal of the denial of a motion for DNA testing. In three issues on appeal, Ovidio Garcia, Jr., argues the trial court erred in denying his request for DNA testing of materials relating to his prior murder conviction. Finding no error, we affirm the trial court's order denying DNA testing.

**BACKGROUND**

In 1992, Garcia pled guilty to the offense of capital murder and was sentenced to life imprisonment. The murder victims in the capital murder case had been burned beyond recognition and were identified by personal possessions found on the bodies. In 2002, Garcia filed a motion for DNA testing, and in 2008, he filed an additional motion for DNA testing. In his motions, Garcia argued that he was entitled to DNA testing of (1) the human organs of the four burned bodies and (2) two pieces of blood-covered asphalt from the crime scene. According to Garcia's motions, DNA testing on the human organs would show whether the remains were, in fact, human, and further, if they were human, whether they were the remains of the individuals named in the indictment. Both motions were set for hearing on June 27, 2008. Garcia, who waived his right to counsel, appeared at the hearing by telephone and represented himself. He is also representing himself on appeal. After the trial court denied his motions, he filed this appeal.

**DISCUSSION**

Article 64.01 of the Texas Code of Criminal Procedure provides that a convicted person may request the convicting court to order forensic DNA testing of evidence containing biological material. TEX. CODE CRIM. PROC. ANN. art. 64.01(a) (Vernon Supp. 2009). The motion must be sworn to by the convicted person and contain statements of fact supporting the motion. *Id.* In the motion, the convicted person may request testing only of evidence "that was secured in relation to the offense that is the basis of the challenged conviction and was in the possession of the state during the trial of the offense." *Id.* art. 64.01(b). The trial court is required to order DNA testing only if it finds that (1) the evidence still exists and is in a condition making DNA testing possible; (2) the evidence has been subjected to proper chain of custody; (3) identity was or is an issue in the case; (4) the person establishes by a preponderance of the evidence that he would not

have been convicted if exculpatory results had been obtained through DNA testing; and (5) the request for the proposed DNA testing is not made to unreasonably delay execution of sentence or administration of justice. *Id.* art. 64.03(a),(c). Further, if the convicted person pled guilty or confessed, he may still submit a motion for DNA testing, and the court is prohibited from finding that identity was not an issue solely on the basis of that plea or confession. *Id.* art. 64.03(b).

We review the trial court's decision on a motion for DNA testing under a bifurcated standard of review. *Whitaker v. State*, 160 S.W.3d 5, 8 (Tex. Crim. App. 2004). We afford almost total deference to the trial court's determination of issues of historical fact and issues of application-of-law-to-fact that turn on credibility and demeanor of witnesses. *Rivera v. State*, 89 S.W.3d 55, 59 (Tex. Crim. App. 2002). We review de novo other issues of application-of-law-to-fact questions that do not turn on the credibility and demeanor of witnesses. *Id.*

In his first issue, Garcia complains that the trial court erred in sustaining the State's objection to his motion for DNA testing based on the fact that Garcia's motions were not properly sworn to as required by article 64.01(a). Although the trial court sustained the State's objection, in its order denying DNA testing, it noted that "to avoid a re-pleading and re-litigation of these issues," it considered "the motion, as supplemented, in the interest of justice." Thus, because the trial court considered all of Garcia's issues in spite of sustaining the State's objection to the motions for DNA testing, Garcia suffered no harm. We, therefore, overrule Garcia's first issue on appeal.

In his second issue on appeal, Garcia contends the trial court erred in denying his motion for DNA testing based on its interpretation of the "identity" issue requirement under article 64.03 of the Texas Code of Criminal Procedure. Specifically, Garcia complains of the trial court finding that the term "identity" in article 64.03(a)(1)(B) refers to the identity of the perpetrator of

the crime and not to the victims. Thus, according to Garcia, the trial court erred in finding Garcia was not entitled to DNA testing for the purpose of showing whether the victim's remains were human and, if so, whether the remains belonged to those individuals named in the indictment.

Before a trial court orders forensic DNA testing, the defendant must show identity was or is an issue in the case. TEX. CODE CRIM. PROC. ANN. art. 64.03(a)(1)(B) (Vernon Supp. 2009); *see Bell v. State*, 90 S.W.3d 301, 306-07 (Tex. Crim. App. 2002). "Although the court of criminal appeals has not explicitly stated that 'identity,' as used in article 64.03(a)(1)(B), means the identity of the perpetrator," in *Blacklock v. State*, 235 S.W.3d 231, 232 (Tex. Crim. App. 2007), it "suggested as much." *In re Kennard*, No. 03-07-00308-CR, 2008 WL 899606, at *2 (Tex. App.—Austin 2008, no pet.) (citing *Blacklock*, 235 S.W.3d at 232) (not designated for publication). In *Blacklock*, 235 S.W.3d at 232-33, the court of criminal appeals noted that exculpatory DNA testing excluding the defendant as the donor of the biological material would establish his innocence, which, according to the court of criminal appeals, was "precisely the situation in which the Legislature intended to provide post-conviction DNA testing."

Emphasizing this language from *Blacklock*, the Austin Court of Appeals in *Kennard* held that "identity" as used in article 64.03(a)(1)(B) means the identity of the perpetrator. *In re Kennard*, 2008 WL 899606, at *3. In *Kennard*, the defendant, who had been convicted of aggravated sexual assault, admitted to having sexual intercourse with the victim, but, in order to undermine the victim's credibility, sought DNA testing to show the victim was lying about not having sexual intercourse with other men on the night in question. *Id.* at *1. Specifically, the defendant conceded that his identity was and is not an issue, but nevertheless argued that the identity of the second spermatozoa contributor was an issue. *Id.* The Austin Court of Appeals disagreed. *See id.* at *2. In considering the plain language of article 64.03(a)(1)(B), the court

concluded that "identity" must mean the identity of the perpetrator of the offense. *Id.* The court additionally explained that, at the time the legislature adopted chapter 64, it also enacted a statute "providing for the preservation of biological material that would establish the identity *of the person who committed the offense* or exclude a person from the group who could have committed the offense." *Id.* (emphasis added); *see* TEX. CODE CRIM. PROC. ANN. art 38.43 (Vernon Supp. 2009). Thus, the court held that "identity" as used in article 64.03(a)(1)(B) means the identity of the perpetrator and affirmed the trial court's order denying the motion for DNA testing, explaining it was undisputed that the identity of the perpetrator was not an issue. *In re Kennard*, 2008 WL 899606, at *2-*3.

Likewise, in *Reger v. State*, 222 S.W.3d 510, 514 (Tex. App.—Fort Worth 2007, pet. ref'd), *cert. denied*, 552 U.S. 1117 (2008), the Fort Worth Court of Appeals held that "identity" as used in article 64.03(a)(1)(B) means identity of the perpetrator. In *Reger*, despite admitting to having shot and killed the victim, the defendant claimed identity was and continued to be an issue because the identity of the first aggressor was critical to corroborate his self-defense theory. *Id.* The Fort Worth Court of Appeals disagreed and held that "this contention fails to raise an issue as to the identity of the perpetrator of the alleged offense, which is required under the plain meaning of article 64.03(a)(1)(B)." *Id.* Similarly, in *Lyon v. State*, 274 S.W.3d 767, 768-69 (Tex. App.—San Antonio 2008, pet. ref'd), this court held identity was not an issue where the defendant claimed "identity" as used in article 64.03(a)(1)(B) could mean identity of the first aggressor. In *Lyon*, the defendant admitted to having stabbed the victim, but argued that identity of the first aggressor was an issue in the case and that DNA testing would help him establish his self-defense theory. *Id.* at 768. In affirming the trial court's order denying DNA testing, this

court emphasized that the defendant sought to use the DNA testing to excuse his actions rather than to exclude himself as the perpetrator. *Id.* at 769. Citing *Blacklock,* this court stated "[t]he purpose of DNA testing under article 64.03 is to provide an avenue by which a defendant may seek to establish his innocence by excluding himself as the perpetrator of the offense." *Id.*

While other cases have not explicitly held that "identity" as contemplated by article 64.03(a)(1)(B) refers to identity of the perpetrator, they have indicated such. *See Hooks v. State*, 203 S.W.3d 861, 863-64 (Tex. App.—Texarkana 2006, pet. ref'd); *Lewis v. State*, 191 S.W.3d 225, 228 (Tex. App.—San Antonio 2005, pet. ref'd); *see also Birdwell v. State*, 276 S.W.3d 642, 645-46 (Tex. App.—Waco 2008, pet. ref'd).

In *Hooks*, 203 S.W.3d at 863-64, the Texarkana Court of Appeals held that identity was not at issue in an intoxication manslaughter case. In his motion for DNA testing of blood and hair samples, the defendant did not contest that he was driving the vehicle that struck the victim, but argued that the police officers switched the DNA samples at the accident scene, thus falsely portraying him as guilty. *Id.* In holding identity was not an issue, the Texarkana Court of Appeals suggested that "identity" refers to identity of the perpetrator:

> The trial court specifically found that DNA testing would neither prove nor disprove the identity of the operator of the vehicle [that] struck and killed the victim. The trial court further held as a matter of law that identity was not an issue. As the State points out, Hooks never contests that he was driving the vehicle [that] struck the victim, instead repeatedly admitting, "I hit the person with my truck."

> Hooks asks us to broaden the scope of the term "identity" in article 64.03 to include the identity of DNA samples, but doing so would render the word "identity" meaningless. Adopting Hooks' definition would allow an appellant to obtain a DNA test when the identity of any substance, evidence, or person even remotely involved in the case was disputed. An appellant could raise the issue of identity when it never existed at trial, thus not only negating the plain meaning of the "was or is" language in the

> statute, but also contradicting the Legislature's directive to place the burden on the appellant to show that DNA testing is warranted.

*Id.* at 864.

Likewise, in *Lewis*, 191 S.W.3d at 228, this court held that identity was not an issue where the defendant, who was convicted of sexual assault of a child, did not deny that he had had sexual intercourse with the minor, but instead sought DNA testing to prove the minor was sexually promiscuous. *Id.* at 229.

Finally, in *Birdwell*, 276 S.W.3d at 645-46, the Waco Court of Appeals suggested "identity" as used in article 64.03(a)(1)(B) means identity of the perpetrator in a case in which the defendant claimed DNA testing could show the presence of a third party in the room where the victim had been stabbed and killed. The court explained "[t]he purpose of DNA testing under article 64.03 is to provide an avenue by which a defendant may seek to establish his innocence by excluding himself as the perpetrator of the offense." *Id.* According to the court, the "contested issue in [the] trial was not *who* stabbed and killed [the victim], but *why* [the defendant] stabbed her." *Id.* at 646 (emphasis in original).

Here, the trial court, in its order denying the motion for DNA testing, concludes that the term "identity" as used in article 64.03(a)(1)(B) means the identity of the perpetrator, not the identity of the victim. The trial court does, however, acknowledge that the Corpus Christi Court of Appeals "has suggested, without so holding, that a challenge to the victim's identity may require DNA testing under Chapter 64." *See In re State*, 218 S.W.3d 837 (Tex. App.—Corpus Christi 2007, orig. proceeding). In that case, the defendant, who was convicted of murder, sought DNA testing of some blood found on a towel in order to help him prove his self-defense claim. *Id.* at 840. Although the Corpus Christi Court of Appeals held that identity was not an issue, in its opinion, the court suggested that identity as used in article 64.03(a)(1)(B) could mean the

victim's identity: "Neither [the defendant's] identity *nor the victim's* identity is being challenged." *Id.* (emphasis added). We note, as did the trial court in the case before us, that the Corpus Christi Court of Appeals did not hold that "identity" contemplates the victim's identity. The court's statement about the victim's identity was unnecessary to the opinion and is at odds with all the above-cited authorities.

We agree with the trial court's finding that the term "identity" as used in article 64.03(a)(1)(B) means the identity of the perpetrator, not the identity of the victim. Thus, we overrule Garcia's second issue on appeal.[1]

In his third issue, Garcia contends the trial court erred by implicitly denying his request for subpoena duces tecum. Because we have found that identity is not and was not an issue, which is a requirement for ordering DNA testing pursuant to article 63.04(a)(1)(B), we need not address Garcia's issue concerning the denial of his request for subpoena duces tecum. *See Birdwell*, 276 S.W.3d at 646 (holding that because identity was not and is not at issue, and because the appellant would be entitled to DNA testing only if identity was or is at issue, it need not address appellant's remaining issues). Thus, we overrule Garcia's third issue.

Having overruled all of Garcia's issues on appeal, we affirm the trial court's order denying DNA testing.

Karen Angelini, Justice

Publish

---

[1] In his brief, Garcia also claims that his identity as the perpetrator is an issue. We, however, agree with the trial court's finding that Garcia never raised the issue of his identity as the perpetrator in the trial court. Specifically, in his motions for DNA testing, Garcia contended he was entitled to DNA testing of the victim's remains to determine whether the victims were human and, if so, whether they were the victims named in the indictment. He also requested DNA testing of blood-covered asphalt pieces retrieved from the crime scene for the purpose of disproving the State's theory of the case that the blood on the asphalt was the blood from some of the victims. These contentions in his motions did not place Garcia's identity as the perpetrator in issue. And, by failing to argue in his motions for DNA testing that his identity as the perpetrator was in issue, he has waived any such issue on appeal.