

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-12-00624-CR

TRACEY WAYNE PARKER                                          APPELLANT

V.

THE STATE OF TEXAS                                                    STATE

----------

## FROM THE 297TH DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

In one issue, pro se appellant Tracey Wayne Parker appeals the trial court's orders that granted his motion for postconviction DNA testing of biological material and decreed that the testing was not favorable to him. We affirm.

---

[1]*See* Tex. R. App. P. 47.4.

**Background Facts**

In April 2010, while represented by counsel, appellant filed a motion for postconviction DNA testing[2] of material related to his two 1996 aggravated robbery convictions. In an affidavit attached to his motion, appellant stated in part,

> I am requesting that DNA testing be conducted in this case. If proper DNA testing had been conducted in my case, prior to trial, or had been conducted under the present state of the art DNA testing, I believe and submit to the Court that there is a reasonable probability that I would not have been . . . convicted.
>
> Specifically, at my trial, Pat Eddings, a Senior Trace Analyst who worked at the Tarrant County Medical Examiner's Office, testified that she examined several hairs. Of these hairs some were known samples of mine and one was an unknown sample. The unknown hair was obtained from a jacket that had been identified as being worn by one of the assailants in the case.[3] Eddings did not use DNA testing and DNA testing was not performed on any of these hairs.
>
> Eddings ultimately testified that although she could exclude other persons, she could not exclude me as the person from whom this unknown hair came from. Her testimony was based on viewing the hairs with a comparison microscope and nothing else.

At a March 2011 hearing on appellant's motion, his counsel reiterated that appellant wanted the hairs to be tested for DNA evidence. In September 2011, the trial court signed an order permitting the testing of the hairs from the jacket.

---

[2]*See* Tex. Code Crim. Proc. Ann. arts. 64.01(a-1), .03(a) (West Supp. 2013).

[3]According to appellant's counsel's statement in a hearing, this jacket was admitted into evidence during appellant's trial.

2

In its order, the trial court, as required by the code of criminal procedure when granting a convict's motion under chapter 64, found in part, "It appears to the Court that the evidence has been subject to a chain of custody sufficient to establish that it has not been substituted, tampered with, replaced, or altered in any material respect."[4]

In accordance with the trial court's order, the biological materials from the jacket were tested. The State filed a motion for the trial court to find that the results of the test were "inconclusive and, thus, not favorable to the defendant."[5] In the State's motion, it contended that the DNA analysis had not excluded appellant as a contributor to the hair on the jacket and that the analysis had revealed that the "probability of selecting an unrelated person at random who could be the source of [that] DNA profile [was] approximately 1 in 1.036 million for Caucasians, 1 in 193.4 thousand for Blacks, and 1 in 144.8 thousand for Hispanics."[6] After another hearing, the trial court signed an order finding that the DNA test was not favorable to appellant. Appellant brought this appeal.[7]

---

[4] *See* Tex. Code Crim. Proc. Ann. art. 64.03(a)(1)(A)(ii).

[5] *See id.* art. 64.04 (West Supp. 2013) ("After examining the results of testing . . . , the convicting court shall hold a hearing and make a finding as to whether, had the results been available during the trial of the offense, it is reasonably probable that the person would not have been convicted.").

[6] More simply, the Department of Public Safety (DPS) report stated that the "partial DNA profile from the hair from the jacket [was] consistent with the DNA profile of [appellant]."

[7] *See* Tex. Code Crim. Proc. Ann. art. 64.05 (West 2006).

**Invited Error and Estoppel**

On appeal, appellant contends that the trial court abused its discretion by "Knowingly Admitting Two Inadmissible, Tampered With, Altered, And Planted Hair Samples Found On A Denim Jacket, Through An Insufficient Chain Of Custody, For DNA Testing, Done In Violation Of [article 64.03 of the code of criminal procedure]." Appellant asserts that evidence in his criminal trial revealed that Arlington police officers had planted his hair on the jacket, which was "worn by the first robber who entered the victims' home."[8] He claims, "The trial court chose to ignore [a] false chain of custody with the . . . jacket, and abuse[d] [its] discretion, by declaring (for granting DNA testing) that the . . . jacket was subjected to a sufficient chain of custody."

Thus, in essence, appellant argues that the biological evidence from the jacket did not satisfy the chain of custody requirement of article 64.03 and therefore should not have been tested for a DNA comparison.[9] *See* Tex. Code

---

[8]Although appellant cites parts of the record from his criminal trial, that record has not been made part of the record in this appeal. We note that "the jurisdiction afforded us under chapter 64 does not extend to collateral attacks on the judgment of conviction or allow us to revisit matters that should have been addressed on direct appeal." *Reger v. State*, 222 S.W.3d 510, 513 (Tex. App.—Fort Worth 2007, pet. ref'd) (citing *Lopez v. State*, 114 S.W.3d 711, 714 (Tex. App.—Corpus Christi 2003, no pet.)), *cert. denied*, 552 U.S. 1117 (2008). Thus, to the extent that appellant argues that errors occurred or were revealed during his trial years ago, we conclude that we do not have jurisdiction to consider those arguments.

[9]Toward the end of his brief, appellant states, "The trial court abused its discretion . . . when the trial court . . . granted appellant a DNA testing on the inadmissible . . . hair."

Crim. Proc. Ann. art. 64.03(a)(1)(A)(ii) (explaining that a convicting court may order forensic DNA testing only if the court finds that the evidence to be tested has been "subjected to a chain of custody sufficient to establish that it has not been substituted, tampered with, replaced, or altered in any material respect"); *Garcia v. State*, 327 S.W.3d 269, 270 (Tex. App.—San Antonio 2010, pet. ref'd) (stating that the "trial court is required to order DNA testing only if it finds that . . . the evidence has been subjected to proper chain of custody"). But appellant initiated the proceedings in the trial court by asking for DNA testing; therefore, he cannot now complain that the trial court granted his request. *See Hicks v. State*, 151 S.W.3d 672, 675 (Tex. App.—Waco 2004, pet. ref'd) ("Because Hicks requested that the trial court find a proper chain of custody, and the court did so, he is estopped from complaining about it. The law of invited error estops an appellant from complaining of error that he induced."); *see also Jones v. State*, 119 S.W.3d 766, 784 (Tex. Crim. App. 2003), *cert. denied*, 542 U.S. 905 (2004); *Degadillo v. State*, 262 S.W.3d 371, 372 (Tex. App.—Fort Worth 2008, pet. ref'd) (mem. op.) (explaining that the doctrine of invited error "estops a party from making an appellate error of an action that it induced"); *Willeford v. State*, 72 S.W.3d 820, 823 (Tex. App.—Fort Worth 2002, pet. ref'd) (holding that a defendant invited error in a jury charge, and was therefore estopped from complaining about it on appeal, when the defendant vehemently argued for the charge to be given in the trial court).

We hold that the doctrines of invited error and estoppel preclude appellant from complaining about the trial court's chain-of-custody finding,[10] which was incident to and necessary to its granting of his motion for DNA testing. *See Hicks*, 151 S.W.3d at 675; *see also Woodall v. State*, 336 S.W.3d 634, 644 (Tex. Crim. App. 2011) ("The law of invited error provides that a party cannot take advantage of an error that it invited or caused, even if such error is fundamental."). We overrule appellant's only issue.

## Conclusion

Having overruled appellant's issue, we affirm the trial court's order granting postconviction DNA testing and its order finding that the results of that testing were unfavorable to appellant.

PER CURIAM

PANEL: LIVINGSTON, C.J.; DAUPHINOT and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: January 16, 2014

---

[10]We do not hold that the trial court's chain-of-custody finding was erroneous.

6