

# NUMBER 13-13-00268-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

OVIDIO GARCIA JR.,                                                         Appellant,

v.

OMAR ESCOBAR, RAMON DE LA CRUZ
AND UNKNOWN PERSONS AND/OR ENTITIES,                Appellees.

## On appeal from the 93rd District Court of Hidalgo County, Texas.

# MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Perkes
### Memorandum Opinion by Justice Garza

In this restricted appeal, appellant Ovidio Garcia Jr., pro se, challenges the trial court's summary judgment rendered in favor of appellees, Omar Escobar et al., in a declaratory judgment action. We affirm.

## I. BACKGROUND

In 1991, Garcia and Eustorgio Guzman Resendez were indicted for the capital murders of Ruben Piña, Gregorio Piña, Alejandro Garcia, and Juan Arguelles. Garcia pleaded guilty to capital murder and was sentenced to life imprisonment.[1] *Garcia v. State*, 75 S.W.3d 493, 495 (Tex. App.—San Antonio 2002, pet. ref'd) (affirming conviction).

Garcia and Resendez filed the instant declaratory judgment action on January 20, 2011, in the 93rd Judicial District Court of Hidalgo County, Texas.[2] They sought a declaration

> stating that Defendants, Starr County Justice of the Peace Antonia Treviño, Starr County Justice of the Peace Ramon de la Cruz and Starr County District Attorney Heriberto Silva, have a duty, pursuant to Texas Code of Criminal Procedure Chapter 49, to exhume the remains alleged to have been those of Ruben Piña, Gregorio Piña, Alejandro Garcia and Juan Arguelles and to re-open an inquest, in conjunction thereto, for identification and investigatory purposes . . . .

The petition alleged that the remains of the four victims were found "inside a burned vehicle" in Starr County, Texas,[3] and that the remains "had no hands, no legs and no distinguishable features" and were "burned beyond recognition." Garcia and Resendez argued that an inquest should be reopened because an initial inquest was not performed

---

[1] Garcia pleaded guilty in 1992 to the murder of two of the victims as alleged in the indictment, and the murder counts as to the remaining victims were dismissed. *Garcia v. State*, 75 S.W.3d 493, 496 (Tex. App.—San Antonio 2002, pet. ref'd). Resendez was convicted of capital murder after a trial and was sentenced to life imprisonment. *Resendez v. State*, 860 S.W.2d 605, 606 (Tex. App.—Corpus Christi 1993, pet. ref'd).

[2] The lawsuit named Antonia Treviño, Ramon de la Cruz, Heriberto de la Silva, and "Unknown Persons and/or Entities" as defendants. Escobar was not named as a defendant in the original petition, but was named as a defendant in an amended petition filed after summary judgment was rendered. The original petition—which was signed by Garcia and Resendez—named Garcia, Resendez and "Unknown Persons and/or Entities" as plaintiffs.

[3] The petition stated that venue was proper in Hidalgo County because the remains are buried there.

2

and because the remains "have not been identified as that of human origin, male or female much less as those of specific individuals as it is alleged in the indictment . . . ." *See* TEX. CODE CRIM. PROC. ANN. ch. 49 (West Supp. 2011).[4]

Garcia also filed a motion for notice by publication, which the trial court granted by order dated March 2, 2011. On June 6, 2011, Garcia filed a "Motion to Compel Issuance of Citation" asserting the following:

> The District Cler[k] erroneously issued citation by notice by publication to the KNOWN Defendants named in the petition for declaratory [judgment]. Plaintiff [l]ater requested that the District Clerk issued [sic] citation pursuant to Texas Rule of Civil Procedure 106. The District Clerk has failed to issue citation and the Defendants have not been served in this case.

The record does not reflect that the trial court ruled on this motion. Garcia then filed two petitions for writ of mandamus with this Court seeking to compel the trial court to rule on the motion. We denied the petitions. *See In re Garcia*, No. 13-12-00485-CV, 2012 WL 3136113 (Tex. App.—Corpus Christi Aug. 1, 2012, orig. proceeding) (mem. op. per curiam); *In re Garcia*, No. 13-11-00731-CV, 2011 WL 5855110 (Tex. App.—Corpus Christi Nov. 22, 2011, orig. proceeding) (mem. op. per curiam).

Escobar, the District Attorney for the 229th Judicial District, then filed an answer and motion for summary judgment on behalf of the defendants on January 11, 2013. The motion argued that Garcia's petition was moot under the doctrine of res judicata. In

---

[4] Under chapter 49 of the code of criminal procedure, "[a] justice of the peace shall conduct an inquest into the death of a person who dies in the county served by the justice if," among other things, "the body or a body part of a person is found, the cause or circumstances of death are unknown, and . . . the person is unidentified." TEX. CODE CRIM. PROC. ANN. art. 49.04(a)(3)(B) (West 2006). "A justice of the peace may reopen an inquest if, based on information provided by a credible person or facts within the knowledge of the justice of the peace, the justice of the peace determines that reopening the inquest may reveal a different cause or different circumstances of death." *Id.* art. 49.041 (West 2006). "If a body or body part subject to investigation . . . is interred and an authorized person has not conducted an inquest required under this subchapter, a justice of the peace may direct the disinterment of the body or body part in order to conduct an inquest." *Id.* art. 49.09(a) (West 2006).

particular, Escobar noted that the San Antonio court of appeals ruled in a 2010 case involving the same underlying offense that Garcia's request for DNA testing pursuant to code of criminal procedure article 64 was properly denied. *See Garcia v. State*, 327 S.W.3d 269, 271–73 (Tex. App.—San Antonio 2010, pet. ref'd). The San Antonio court noted that the term "identity" as used in article 64.03(a)(1)(B)—which permits DNA testing only if, among other requirements, "identity was or is an issue in the case," *see* TEX. CODE CRIM. PROC. ANN. art. 64.03(a)(1)(B) (West Supp. 2011)—"means the identity of the perpetrator, not the identity of the victim." *Garcia*, 327 S.W.3d at 273. Because uncertainty as to the identity of the victims—not the perpetrator—was the basis of Garcia's motion, he was not entitled to DNA testing. *See id.* Escobar argued that this ruling compels summary judgment dismissing Garcia's declaratory judgment action.

Escobar also filed a separate motion to quash citation on January 11, 2013 making the same argument as his motion for summary judgment. The two motions, which were verified by an assistant district attorney, stated that Garcia previously filed a motion to exhume the remains of the victims "as a companion" to the motion for DNA testing at issue in the San Antonio case. According to Escobar, Garcia's prior motion argued that, "because of the burned condition of the [victims' remains], the State, as a matter of fact or law, or both, could not prove beyond a reasonable doubt that [Garcia] murdered the three (3) persons he confessed to having murdered by way of a jury trial in the early 1990's."[5] Escobar argued that Garcia "did not raise this claim on direct appeal, and the Plaintiffs' purported 2011 original Petition for declaratory judgment does not show this

---

[5] As noted, a 2002 opinion by the San Antonio court stated that Garcia in fact pleaded guilty to two murders and two other murder counts were dismissed. *See Garcia*, 75 S.W.3d at 496.

Court how it can be properly[ ]used to establish legal insufficiency of evidence" or "to establish one's right to an exhumation under any extant theory of law."

On January 14, 2013, the trial court rendered two separate orders: one granting Escobar's summary judgment motion and another granting Escobar's motion to quash citation.[6]

Garcia filed a notice of restricted appeal on May 22, 2013, specifically challenging the trial court's order granting Escobar's motion to quash citation. The notice states that Garcia and Resendez were not served with a copy of the motion to quash and that the trial court did not notify them that the "motion to quash was filed and would be considered and ruled upon."[7] Garcia filed an unsworn "Affidavit and/or Bill of Exceptions" on June 14, 2013 in which he stated that he first received a copy of Escobar's motion to quash citation on January 23, 2013, some nine days after the motion was granted.

---

[6] On February 28, 2013, Garcia filed a motion for default judgment based on Texas Rule of Civil Procedure 122, which states:

> If the citation or service thereof is quashed on motion of the defendant, such defendant shall be deemed to have entered his appearance at ten o'clock a.m. on the Monday next after the expiration of twenty (20) days after the day on which the citation or service is quashed, and such defendant shall be deemed to have been duly served so as to require him to appear and answer at that time, and if he fails to do so, judgment by default may be rendered against him.

TEX. R. CIV. P. 122. Garcia argued that, since the trial court's order quashing citation was rendered on January 14, 2013, the defendants were "deemed to have been duly served" at 10:00 a.m. on Monday, February 4, 2013. Garcia further argued that default judgment should be awarded in his favor because the defendants did not file an answer *after* the motion to quash was granted.

The record contains no ruling by the trial court on Garcia's motion for default judgment; nor does it show that Garcia complained about the trial court's failure to rule. Accordingly, to the extent Garcia contends on appeal that the trial court should have granted default judgment in his favor, no issue has been preserved for our review. *See* TEX. R. APP. P. 33.1(a)(2) ("As a prerequisite to presenting a complaint for appellate review, the record must show that . . . the trial court: (A) ruled on the request, objection, or motion, either expressly or implicitly; or (B) refused to rule on the request, objection, or motion, and the complaining party objected to the refusal.").

[7] On appeal, Escobar states that Garcia filed a motion on July 26, 2013, for leave to file an amended notice of restricted appeal in which Garcia also challenged the trial court's order granting summary judgment. No such motion or amended notice appears in the record.

## II. IDENTITY OF APPELLANTS

As an initial matter, we note that Garcia, the only signatory to the notice of appeal and appellant's brief, purports to bring this appeal on behalf of himself and Resendez, his co-plaintiff. Garcia is not an attorney and is appearing pro se. Accordingly, Garcia may not seek relief on behalf of Resendez. *See, e.g.,* TEX. GOV'T CODE ANN. § 81.101–.102 (West 2005) (defining unauthorized practice of law); TEX. PENAL CODE ANN. § 38.123 (West 2003) (explaining that the unauthorized practice of law is a Class A misdemeanor); *Crain v. Unauthorized Practice of Law Comm. of the Sup. Ct. of Tex.*, 11 S.W.3d 328, 332–34 (Tex. App.—Houston [1st Dist.] 1999, pet. denied) (explaining that a person who is not a licensed attorney may not represent other persons in legal matters); *see also In re Garcia*, 2011 WL 5855110, at *1. Resendez is therefore not a party to this appeal.

## III. RESTRICTED APPEAL

To attack an order by restricted appeal, the appellant must show: (1) he was a party who did not participate in the hearing that resulted in the judgment complained of; (2) he filed a notice of appeal within six months after the order was signed; (3) he did not timely file a post-judgment motion or request findings of fact and conclusions of law; and (4) error is apparent on the face of the record. TEX. R. APP. P. 26.1(c), 30; *Tex. Dep't of Pub. Safety v. Fredricks*, 235 S.W.3d 275, 278 (Tex. App.—Corpus Christi 2007, no pet.).

## IV. DISCUSSION

On appeal, Garcia identifies three issues: (1) the trial court erred by granting summary judgment with no notice to him; (2) his suit is not barred by mootness, res judicata, or collateral estoppel; and (3) the trial court erred by granting Escobar's motion to quash citation.

The only notice of appeal that appears in the record, Garcia's May 22, 2013 notice of restricted appeal, specifically limits the scope of the appeal to the trial court's order granting Escobar's motion to quash citation. No appeal has been perfected regarding the trial court's order granting Escobar's motion for summary judgment. Accordingly, we overrule Garcia's first and second issues.

By his third issue, Garcia appears to argue that the trial court erred in granting Escobar's motion to quash citation because "[i]t is well established that the only relief available under [Texas Rule of Civil Procedure] 122 is additional time to answer; dismissal of the action is not available."[8] *Onda Enters. v. Pierce*, 750 S.W.2d 812, 813 (Tex. App.—Tyler 1988, no writ). However, the trial court's order granting the motion to quash did not state that Garcia's action was dismissed. In any event, Garcia has not shown that there was a hearing on the motion, that he was not provided notice of any such hearing, or that he was entitled to a hearing. We therefore cannot say that the first element required in a restricted appeal has been met with respect to the motion to quash citation. *See Fredricks*, 235 S.W.3d 275, 278. Accordingly, we overrule Garcia's third issue.

## V. CONCLUSION

Because no error is apparent on the face of the record, we affirm the trial court's

---

[8] Garcia does not complain on appeal that the trial court's order granting the motion to quash citation was erroneous because Garcia was not served with the motion. We note that, even if he did make that argument, it would lack merit. "An appellant who alleges error apparent from the face of the record due to the absence of notice carries a heavy burden because the record will usually be barren of affirmative proof of the error claimed." *Robert S. Wilson Invs. No. 16 Ltd. v. Blumer*, 837 S.W.2d 860, 861 (Tex. App.—Houston [1st Dist.] 1992, no writ); *see Prihoda v. Marek*, 797 S.W.2d 170, 171 (Tex. App.—Corpus Christi 1990, writ denied) (en banc); *see also In re S.T.A.*, No. 13-10-00180-CV, 2011 WL 1204009, at *1 (Tex. App.—Corpus Christi Mar. 31, 2011, no pet.) (mem. op.). As noted, Garcia filed a document entitled "Plaintiff's Affidavit and/or Bill of Exceptions" on June 14, 2013, stating that he was not timely served with Escobar's motion to quash citation. However, this document was not sworn and did not comply with the requirements of unsworn declarations as provided by statute. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 132.001(c)(2), (e) (West Supp. 2011). The document therefore cannot be considered in evaluating whether error was shown on the face of the record.

7

judgment.  *See Diles v. Henderson*, 76 S.W.3d 807, 811 (Tex. App.—Corpus Christi 2002, no pet.) (affirming judgment on restricted appeal upon concluding that no error was apparent on the face of the record); *LCS Corr. Serv. Inc. v. Chavera*, No. 13-12-00591-CV, 2013 WL 1384884, at *3 (Tex. App.—Corpus Christi Apr. 4, 2013, no pet.) (mem. op.) (same); *but see In re Baby Girl S.*, 353 S.W.3d 589, 591 (Tex. App.—Dallas 2011, no pet.) (dismissing restricted appeal for lack of jurisdiction upon concluding that no error was apparent on the face of the record).

DORI CONTRERAS GARZA,
Justice

Delivered and filed the
20th day of February, 2014.