

NUMBER 13-13-00268-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

OVIDIO GARCIA JR.,                                  **Appellant,**

**v.**

OMAR ESCOBAR, RAMON DE LA CRUZ
AND UNKNOWN PERSONS AND/OR ENTITIES,       **Appellees.**

## On appeal from the 93rd District Court of
## Hidalgo County, Texas.

# MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Perkes
### Memorandum Opinion by Justice Garza

We issued a memorandum opinion affirming the trial court's judgment in this cause on February 20, 2014. Appellant Ovidio Garcia Jr., pro se, filed a motion for rehearing which we denied on March 17, 2014. However, we now withdraw our previous memorandum opinion and judgment issued on February 20, 2014 and substitute the

following memorandum opinion and judgment in their place.  *See* TEX. R. APP. P. 19.1(b)

(stating that our plenary power over a judgment generally expires 30 days after all timely

filed motions for rehearing are overruled).

In this restricted appeal, Garcia challenges the trial court's judgment rendered in

favor of appellees, Omar Escobar[1] et al., in a declaratory judgment action.  We affirm in

part and reverse and remand in part.

## I. BACKGROUND

In 1991, Garcia and Eustorgio Guzman Resendez were indicted for the capital

murders of Ruben Piña, Gregorio Piña, Alejandro Garcia, and Juan Arguelles.  Garcia

pleaded guilty to capital murder and was sentenced to life imprisonment.[2] *Garcia v. State*,

75 S.W.3d 493, 495 (Tex. App.—San Antonio 2002, pet. ref'd) (affirming conviction).

Garcia and Resendez filed the instant declaratory judgment action on January 20,

2011, in the 93rd Judicial District Court of Hidalgo County, Texas.[3]  They sought a

declaration

> stating that Defendants, Starr County Justice of the Peace Antonia Treviño,
> Starr County Justice of the Peace Ramon de la Cruz and Starr County
> District Attorney Heriberto Silva, have a duty, pursuant to Texas Code of
> Criminal Procedure Chapter 49, to exhume the remains alleged to have
> been those of Ruben Piña, Gregorio Piña, Alejandro Garcia and Juan

---

[1] Escobar is the District Attorney for the 229th Judicial District.

[2] Garcia pleaded guilty in 1992 to the murder of two of the victims as alleged in the indictment, and the murder counts as to the remaining victims were dismissed.  *Garcia v. State*, 75 S.W.3d 493, 496 (Tex. App.—San Antonio 2002, pet. ref'd).  Resendez was convicted of capital murder after a trial and was sentenced to life imprisonment.  *Resendez v. State*, 860 S.W.2d 605, 606 (Tex. App.—Corpus Christi 1993, pet. ref'd).

[3] The lawsuit named Antonia Treviño, Ramon de la Cruz, Heriberto de la Silva, and "Unknown Persons and/or Entities" as defendants.  Escobar was not named as a defendant in the original petition, but was named as a defendant in an amended petition filed after summary judgment was rendered.  The original petition—which was signed by Garcia and Resendez—named Garcia, Resendez and "Unknown Persons and/or Entities" as plaintiffs.

Arguelles and to re-open an inquest, in conjunction thereto, for identification and investigatory purposes . . . .

The petition alleged that the remains of the four victims were found "inside a burned vehicle" in Starr County, Texas,[4] and that the remains "had no hands, no legs and no distinguishable features" and were "burned beyond recognition." Garcia and Resendez argued that an inquest should be reopened because an initial inquest was not performed and because the remains "have not been identified as that of human origin, male or female much less as those of specific individuals as it is alleged in the indictment . . . ." *See* TEX. CODE CRIM. PROC. ANN. ch. 49 (West, Westlaw through 2013 3d C.S.).[5]

Garcia also filed a motion for notice by publication, which the trial court granted by order dated March 2, 2011. On June 6, 2011, Garcia filed a "Motion to Compel Issuance of Citation" asserting the following:

> The District Cler[k] erroneously issued citation by notice by publication to the KNOWN Defendants named in the petition for declaratory [judgment]. Plaintiff [l]ater requested that the District Clerk issued [sic] citation pursuant to Texas Rule of Civil Procedure 106. The District Clerk has failed to issue citation and the Defendants have not been served in this case.

The record does not reflect that the trial court ruled on this motion. Garcia then filed two petitions for writ of mandamus with this Court seeking to compel the trial court to rule on

---

[4] The petition stated that venue was proper in Hidalgo County because the remains are buried there.

[5] Under chapter 49 of the code of criminal procedure, "[a] justice of the peace shall conduct an inquest into the death of a person who dies in the county served by the justice if," among other things, "the body or a body part of a person is found, the cause or circumstances of death are unknown, and . . . the person is unidentified." TEX. CODE CRIM. PROC. ANN. art. 49.04(a)(3)(B) (West, Westlaw through 2013 3d C.S.). "A justice of the peace may reopen an inquest if, based on information provided by a credible person or facts within the knowledge of the justice of the peace, the justice of the peace determines that reopening the inquest may reveal a different cause or different circumstances of death." *Id.* art. 49.041 (West, Westlaw through 2013 3d C.S.). "If a body or body part subject to investigation . . . is interred and an authorized person has not conducted an inquest required under this subchapter, a justice of the peace may direct the disinterment of the body or body part in order to conduct an inquest." *Id.* art. 49.09(a) (West, Westlaw through 2013 3d C.S.).

3

the motion. We denied the petitions. *See In re Garcia*, No. 13-12-00485-CV, 2012 WL 3136113 (Tex. App.—Corpus Christi Aug. 1, 2012, orig. proceeding) (mem. op. per curiam); *In re Garcia*, No. 13-11-00731-CV, 2011 WL 5855110 (Tex. App.—Corpus Christi Nov. 22, 2011, orig. proceeding) (mem. op. per curiam).

Appellees then filed a "Verified Answer and Motion for Summary Judgment" on Friday, January 11, 2013. The motion argued that Garcia's petition was moot under the doctrine of res judicata. In particular, appellees noted that the San Antonio court of appeals ruled in a 2010 case involving the same underlying offense that Garcia's request for DNA testing pursuant to code of criminal procedure article 64 was properly denied. *See Garcia v. State*, 327 S.W.3d 269, 271–73 (Tex. App.—San Antonio 2010, pet. ref'd). The San Antonio court noted that the term "identity" as used in article 64.03(a)(1)(B)— which permits DNA testing only if, among other requirements, "identity was or is an issue in the case," *see* TEX. CODE CRIM. PROC. ANN. art. 64.03(a)(1)(B) (West, Westlaw through 2013 3d C.S.)—"means the identity of the perpetrator, not the identity of the victim." *Garcia*, 327 S.W.3d at 273. Because uncertainty as to the identity of the victims—not the perpetrator—was the basis of Garcia's motion, he was not entitled to DNA testing. *See id.* Appellees argued that this ruling compels summary judgment dismissing Garcia's declaratory judgment action.

Appellees also filed a separate motion to quash citation on January 11, 2013 making the same argument as their motion for summary judgment. The two motions, which were verified by an assistant district attorney, stated that Garcia previously filed a motion to exhume the remains of the victims "as a companion" to the motion for DNA testing at issue in the San Antonio case. According to appellees, Garcia's prior motion

4

argued that, "because of the burned condition of the [victims' remains], the State, as a matter of fact or law, or both, could not prove beyond a reasonable doubt that [Garcia] murdered the three (3) persons he confessed to having murdered by way of a jury trial in the early 1990's."[6]  Appellees argued that Garcia "did not raise this claim on direct appeal, and the Plaintiffs' purported 2011 original Petition for declaratory judgment does not show this Court how it can be properly[ ]used to establish legal insufficiency of evidence" or "to establish one's right to an exhumation under any extant theory of law."

On Monday, January 14, 2013—the next business day following the filing of appellees' motions—the trial court rendered two separate orders:  one granting the summary judgment motion and another granting the motion to quash citation.[7]

Garcia filed a notice of restricted appeal on May 22, 2013, specifically challenging the trial court's order granting the motion to quash citation.  The notice states that Garcia

---

[6] As noted, a 2002 opinion by the San Antonio court stated that Garcia in fact pleaded guilty to two murders and two other murder counts were dismissed.  *See Garcia*, 75 S.W.3d at 496.

[7] On February 28, 2013, Garcia filed a motion for default judgment based on Texas Rule of Civil Procedure 122, which states:

> If the citation or service thereof is quashed on motion of the defendant, such defendant shall be deemed to have entered his appearance at ten o'clock a.m. on the Monday next after the expiration of twenty (20) days after the day on which the citation or service is quashed, and such defendant shall be deemed to have been duly served so as to require him to appear and answer at that time, and if he fails to do so, judgment by default may be rendered against him.

TEX. R. CIV. P. 122.  Garcia argued that, since the trial court's order quashing citation was rendered on January 14, 2013, the defendants were "deemed to have been duly served" at 10:00 a.m. on Monday, February 4, 2013.  Garcia further argued that default judgment should be awarded in his favor because the defendants did not file an answer *after* the motion to quash was granted.

The record contains no ruling by the trial court on Garcia's motion for default judgment; nor does it show that Garcia complained about the trial court's failure to rule.  Accordingly, to the extent Garcia contends on appeal that the trial court should have granted default judgment in his favor, no issue has been preserved for our review.  *See* TEX. R. APP. P. 33.1(a)(2) ("As a prerequisite to presenting a complaint for appellate review, the record must show that . . . the trial court:  (A) ruled on the request, objection, or motion, either expressly or implicitly; or (B) refused to rule on the request, objection, or motion, and the complaining party objected to the refusal.").

and Resendez were not served with a copy of the motion to quash and that the trial court did not notify them that the "motion to quash was filed and would be considered and ruled upon." Garcia filed an unsworn "Affidavit and/or Bill of Exceptions" on June 14, 2013 in which he stated that he first received a copy of the motion to quash citation on January 23, 2013, some nine days after the motion was granted. On July 26, 2013, Garcia filed a verified amended notice of appeal with this Court, *see* TEX. R. APP. P. 25.1(g), specifically challenging the summary judgment order and stating that he was "never served" with a copy of appellees' motion for summary judgment, nor was he "given notice by the Court or the District Clerk that the motion . . . was filed and would be considered and ruled upon . . . ."

## II. IDENTITY OF APPELLANTS

As an initial matter, we note that Garcia, the only signatory to the notice of appeal and appellant's brief, purports to bring this appeal on behalf of himself and Resendez, his co-plaintiff. Garcia is not an attorney and is appearing pro se. Accordingly, Garcia may not seek relief on behalf of Resendez. *See, e.g.,* TEX. GOV'T CODE ANN. § 81.101–.102 (West, Westlaw through 2013 3d C.S.) (defining unauthorized practice of law); TEX. PENAL CODE ANN. § 38.123 (West, Westlaw through 2013 3d C.S.) (explaining that the unauthorized practice of law is a Class A misdemeanor); *Crain v. Unauthorized Practice of Law Comm. of the Sup. Ct. of Tex.*, 11 S.W.3d 328, 332–34 (Tex. App.—Houston [1st Dist.] 1999, pet. denied) (explaining that a person who is not a licensed attorney may not represent other persons in legal matters); *see also In re Garcia*, 2011 WL 5855110, at *1. Resendez is therefore not a party to this appeal.

6

## III. RESTRICTED APPEAL

To attack an order by restricted appeal, the appellant must show: (1) he was a party who did not participate in the hearing that resulted in the judgment complained of; (2) he filed a notice of appeal within six months after the order was signed; (3) he did not timely file a post-judgment motion or request findings of fact and conclusions of law; and (4) error is apparent on the face of the record. TEX. R. APP. P. 26.1(c), 30; *Tex. Dep't of Pub. Safety v. Fredricks*, 235 S.W.3d 275, 278 (Tex. App.—Corpus Christi 2007, no pet.). There is no dispute as to the first three elements.[8] The only issue, therefore, is whether error is apparent on the face of the record.

## IV. DISCUSSION

On appeal, Garcia identifies three potential errors on the face of the record: (1) the trial court erred by granting summary judgment because he received insufficient notice; (2) the trial court erred by granting summary judgment because his suit is not barred by mootness, res judicata, or collateral estoppel; and (3) the trial court erred by granting the motion to quash citation.

Garcia argues specifically by his first issue that the order granting summary judgment was void because (1) he did not receive notice of any hearing on the motion, and (2) the motion was granted without twenty-one days' notice. Rule of civil procedure 166a governs summary judgment motions and provides that, "[e]xcept on leave of court, with notice to opposing counsel, the motion and any supporting affidavits shall be filed and served at least twenty-one days before the time specified for hearing." TEX. R. CIV. P. 166a(c). "The right to summary judgment was unknown to common law and exists in

---

[8] The record reflects that there was no "hearing that resulted in the judgment complained of." TEX. R. APP. P. 30. Because there was no such hearing, Garcia could not have participated in such a hearing.

7

this State only by virtue of [Rule 166a]"; therefore, "[i]n order to be entitled to the benefits of the rule all of its terms must be complied with." *Tobin v. Garcia*, 316 S.W.2d 396, 400 (Tex. 1958). Under Rule 166a, "an oral hearing on a motion for summary judgment is not required" but "[n]otice of hearing or submission of a summary judgment motion . . . is required" because "the hearing date determines the time for response to the motion" and "without notice of hearing, the respondent cannot know when the response is due." *Martin v. Martin, Martin & Richards, Inc.*, 989 S.W.2d 357, 359 (Tex. 1998) (per curiam); *see Winn v. Martin Homebuilders, Inc.*, 153 S.W.3d 553, 556 (Tex. App.—Amarillo 2004, pet. denied) ("The notice provisions of Rule 166a are intended to prevent rendition of summary judgment without the non-movant having full opportunity to respond on the merits of the motion."). Absence of actual or constructive notice of the submission of a summary judgment motion violates a party's due process rights under the Fourteenth Amendment to the United States Constitution. *See Smith v. Mike Carlson Motor Co.*, 918 S.W.2d 669, 672 (Tex. App.—Fort Worth 1996, no writ) (citing *Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80, 84–85 (1988) ("An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under the circumstances, to apprise interested parties of the pendency of the action and afford them the opportunity to present their objections."); *Lopez v. Lopez*, 757 S.W.2d 721, 723 (Tex. 1988)); *see also* U.S. CONST. amend. XIV.

In response, appellees merely state that "[t]his Issue must be overruled because, contrary to its characterization of the original Defendants' summary judgment Motion as such, the mandates of [rule of civil procedure] 166a(c) establish that as a matter of law it

was not such a Motion."[9]  We disagree.  The motion at issue was entitled "Motion for Summary Judgment" and sought exactly the type of relief contemplated by Rule 166a—i.e., dismissal of the action on grounds that appellees were "entitled to judgment as a matter of law."  *See* TEX. R. APP. P. 166a(c).  Accordingly, Rule 166a applied to the motion and the trial court erred by granting it without giving at least twenty-one days' notice to Garcia.[10]  *See* TEX. R. CIV. P. 166a(c); *Tobin*, 316 S.W.2d at 400; *Smith*, 918 S.W.2d at 672.  Because error has been shown on the face of the record, Garcia has met all the requirements necessary for a restricted appeal with respect to the summary judgment order.  *See Fredricks*, 235 S.W.3d 275, 278.  We therefore sustain Garcia's first issue.[11]

By his third issue, Garcia appears to argue that the trial court erred in granting Escobar's motion to quash citation because "[i]t is well established that the only relief available under [Texas Rule of Civil Procedure] 122 is additional time to answer; dismissal of the action is not available."[12]  *Onda Enters. v. Pierce*, 750 S.W.2d 812, 813 (Tex.

---

[9] Appellees cite *State Bar of Texas v. Heard*, in which the Texas Supreme Court noted that "[w]e look to the substance of a plea for relief to determine the nature of the pleading, not merely at the form of title given to it."  603 S.W.2d 829, 833 (Tex. 1980) (orig. proceeding).  In *Heard*, the Court found that a motion filed by the State Bar captioned as a motion for summary judgment was not in fact such a motion because it sought an interlocutory order immediately suspending the law license of the real party in interest while the case for disbarment was pending.  *Id.*  Therefore, the Court held that "it is clear from reading the instrument that the State Bar was not asking, at that point, for summary judgment."  *Id.*  Those circumstances are simply not present in this case.

[10] Garcia emphasizes in his brief that he never received a copy of the summary judgment motion. We do not express an opinion on whether Garcia ever received a copy of the motion, but merely note that he could not have received twenty-one days' notice, as required by the rules, because the motion was granted on the business day following the filing of the motion.  *See* TEX. R. CIV. P. 166a(c).

[11] Because of our conclusion that the trial court erred in granting the motion for summary judgment without the required notice, we do not reach Garcia's second issue arguing that the trial court erred on the merits in granting the motion.  *See* TEX. R. APP. P. 47.1; *see also Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80, 86–87 (1988) (noting that, where a person has been deprived of due process, "it is no answer to say that in his particular case due process of law would have led to the same result because he had no adequate defense upon the merits. . . . [O]nly wiping the slate clean would have restored the petitioner to the position he would have occupied had due process of law been accorded to him in the first place").

[12] Garcia does not complain on appeal that the trial court's order granting the motion to quash

9

App.—Tyler 1988, no writ). However, the trial court's order granting the motion to quash did not state that Garcia's action was dismissed. In any event, Garcia has not shown that there was a hearing on the motion, that he was not provided notice of any such hearing, or that he was entitled to a hearing or notice. We therefore cannot say that the first element required in a restricted appeal has been met with respect to the motion to quash citation. *See Fredricks*, 235 S.W.3d 275, 278. Accordingly, we overrule Garcia's third issue.

## V. CONCLUSION

For the foregoing reasons, we affirm the trial court's judgment granting Escobar's motion to quash citation but reverse the trial court's summary judgment order, and we remand the cause for further proceedings consistent with this opinion. *See Diles v. Henderson*, 76 S.W.3d 807, 811 (Tex. App.—Corpus Christi 2002, no pet.) (affirming judgment on restricted appeal upon concluding that no error was apparent on the face of the record); *LCS Corr. Serv. Inc. v. Chavera*, No. 13-12-00591-CV, 2013 WL 1384884, at *3 (Tex. App.—Corpus Christi Apr. 4, 2013, no pet.) (mem. op.) (same); *but see In re Baby Girl S.*, 353 S.W.3d 589, 591 (Tex. App.—Dallas 2011, no pet.) (dismissing

---

citation was erroneous because Garcia was not served with the motion. We note that, even if he did make that argument, it would lack merit. "An appellant who alleges error apparent from the face of the record due to the absence of notice carries a heavy burden because the record will usually be barren of affirmative proof of the error claimed." *Robert S. Wilson Invs. No. 16 Ltd. v. Blumer*, 837 S.W.2d 860, 861 (Tex. App.—Houston [1st Dist.] 1992, no writ); *see Prihoda v. Marek*, 797 S.W.2d 170, 171 (Tex. App.—Corpus Christi 1990, writ denied) (en banc); *see also In re S.T.A.*, No. 13-10-00180-CV, 2011 WL 1204009, at *1 (Tex. App.—Corpus Christi Mar. 31, 2011, no pet.) (mem. op.). As noted, Garcia filed a document entitled "Plaintiff's Affidavit and/or Bill of Exceptions" on June 14, 2013, stating that he was not timely served with Escobar's motion to quash citation. However, this document was not sworn and did not comply with the requirements of unsworn declarations as provided by statute. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 132.001(c)(2), (e) (West, Westlaw through 2013 3d C.S.). The document therefore cannot be considered in evaluating whether error was shown on the face of the record.

restricted appeal for lack of jurisdiction upon concluding that no error was apparent on the face of the record).

DORI CONTRERAS GARZA,
Justice

Delivered and filed the
15th day of April, 2014.